Certiorari Denied, No. 31,756, July 15, 2009

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-089**

**Filing Date:  May 28, 2009**

**Docket No. 28,948**

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellee,**

**v.**

**JENITA CHAVEZ,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**CASTILLO, Judge.**

{1}    Defendant appeals her convictions for DWI and child endangerment.  We issued a notice proposing to uphold the convictions.  Defendant has filed a memorandum in opposition, which we have duly considered.  Although this case is assigned to our summary calendar, we are issuing a formal opinion to clarify that retrograde analysis is irrelevant based on the recent amendment to our DWI statute.  NMSA 1978, § 66-8-102(C) (2008). In this case, we do not believe additional briefing is necessary because we are applying a

legal principle to undisputed facts. *See State v. Hearne*, 112 N.M. 208, 214, 813 P.2d 485, 491 (Ct. App. 1991) (pointing out that when facts are undisputed and application of legal principles is clear, case is appropriately decided on summary calendar). Because we remain unpersuaded, we affirm.

**{2}** Defendant urges reversal based on each of the four issues raised in her docketing statement and argued in her memorandum in opposition. We address each in turn.

**{3}** First, Defendant challenges the exercise of one of the state's peremptory strikes. As we observed in the notice of proposed summary disposition, Defendant's challenge is nearly identical to the argument addressed in the case of *State v. Begay*, 1998-NMSC-029, 125 N.M. 541, 964 P.2d 102. In *Begay*, both the defendant and the challenged juror were Native Americans. *Id.* ¶ 13. The district court therefore required a race-neutral explanation for the State's peremptory challenge. *Id.* After such an explanation was supplied, the challenge was upheld. *Id.* ¶ 15.

**{4}** In this case, as in *Begay*, the prosecutor provided a valid explanation, stating that he did not want the challenged individual on the jury because his son had been convicted of DWI. The district court accepted the prosecutor's explanation and allowed the individual to be stricken from the jury. Because the prosecutor's explanation was reasonable—"i.e., a non-discriminatory, race-neutral explanation for peremptorily challenging that juror," *id.* ¶ 14 (emphasis omitted), the peremptory challenge was facially valid.

**{5}** "A peremptory challenge that is found to be valid on its face stands unless the defendant comes forward with a refutation of the stated reason—e.g., by challenging its factual basis—or proof of purposeful discrimination by the prosecutor." *Id.* (emphasis omitted). Defendant did not come forward with such a refutation. Although Defendant theorizes that the juror *could* have been fair, and although Defendant faults the prosecutor for failing to inquire further about the juror's potential impartiality, neither of these arguments supply a refutation of the prosecutor's stated reason for exercising the peremptory challenge. Insofar as Defendant failed to demonstrate the prosecutor's explanation was without basis in fact or that the prosecutor purposefully discriminated against the juror based on race, we uphold the district court's ruling. *See id.* ¶ 15.

**{6}** By her second issue, Defendant asserts that the district court erred in excluding portions of the testimony of an expert witness. "In general, we review a [district] court's admission or exclusion of evidence for abuse of discretion." *State v. Armendariz*, 2006-NMSC-036, ¶ 6, 140 N.M. 182, 141 P.3d 526. "An abuse of discretion arises when the evidentiary ruling is clearly contrary to logic and the facts and circumstances of the case." *Id.*

**{7}** It appears that the testimony at issue concerned absorption and elimination rates. We gather that the district court excluded this testimony on grounds that the recent amendment to the "per se" portion of our DWI statute has rendered such evidence irrelevant. *See*

2

*generally* § 66-8-102(C)(1) ("It is unlawful for . . . a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle.").

{8}    As we observed in the notice of proposed summary disposition, evidence of absorption and elimination rates in DWI cases has historically been offered for the purpose of retrograde extrapolation analysis. *See, e.g.*, *State v. Day*, 2008-NMSC-007, ¶¶ 22-26, 143 N.M. 359, 176 P.3d 1091 (addressing expert testimony on absorption and elimination, in terms of retrograde extrapolation), *cert. granted*, 2008-NMCERT-010, 145 N.M. 524, 201 P.3d 855. Because the recent amendment to Section 66-8-102(C) renders retrograde extrapolation irrelevant in cases such as this, where test results are obtained within three hours, *see Day*, 2008-NMSC-007, ¶ 27, the district court properly excluded the expert's testimony to the extent that it was offered for this purpose.

{9}    We understand Defendant to contend that she offered the disputed evidence for the purpose of undermining the accuracy of the test results as a measure of her BAC at the time that the tests were administered. As we acknowledged in the notice of proposed summary disposition, the accuracy of BAC test results should be regarded as a permissible line of inquiry. *See generally State v. Martinez*, 2007-NMSC-025, ¶ 24, 141 N.M. 713, 160 P.3d 894 (observing that "once the [district] court determines that the [s]tate has met the foundational requirements for the admission of a BAT card, a defendant [still] may . . . challenge the reliability of the breath test"). However, the district court appears to have been well aware of this principle, in light of which it specifically ruled that Defendant would be permitted to present expert testimony concerning the accuracy of the Intoxilyzer as a mechanism for obtaining breath-alcohol measurements. It appears that Defendant presented evidence of this nature below.

{10}    In her memorandum in opposition, Defendant contends that the district court precluded her from eliciting testimony about "how the person giving the sample could [a]ffect the accuracy of the reading." However, Defendant fails to explain how the excluded testimony would have addressed the accuracy of the readings in any sense other than the classic—and now irrelevant—retrograde extrapolation. *See Day*, 2008-NMSC-007, ¶ 27 (observing that the recent amendment to the statute eliminates the need for retrograde extrapolation in cases in which test results are obtained within the three-hour window). Because Defendant has failed to explain the relevance of the excluded testimony, we conclude that she has not met her burden of demonstrating error. *See generally State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (recognizing that there is a presumption of correctness in the rulings of the [district] court, and the party claiming error bears the burden of showing such error); *cf. State v. Balderama*, 2004-NMSC-008, ¶ 95, 135 N.M. 329, 88 P.3d 845 (Serna, J., concurring in part, dissenting in part) (observing that criminal defendants have no constitutional right to present irrelevant evidence).

{11}    By her third issue, Defendant contends that the jury was improperly instructed on the offense of driving while intoxicated. As previously stated, Defendant was convicted pursuant to the per se DWI provision. The State was therefore required to prove that

Defendant had a breath or blood alcohol concentration of eight one hundredths or more within three hours of driving a vehicle. *See* § 66-8-102(C)(1). Our review of the record reveals that the instruction to the jury conformed with the statutory definition of the offense.

**{12}** Defendant challenges the instruction on grounds that it does not track the language of UJI 14-4503 NMRA in every detail. Although the position of the reference to the three-hour time frame was moved within the second element, we fail to see how this could be regarded as a material alteration. The only other conceivable discrepancy involves the omission of the clause specifying that the alcohol concentration resulted from the consumption of alcohol before or while driving the vehicle. Insofar as this clause appears as bracketed material in the uniform jury instruction and insofar as the timing of the consumption of the alcohol appears to have been undisputed, we conclude that the bracketed material was permissibly excluded from the instruction. *See generally State v. Lopez*, 1996-NMSC-036, ¶ 13, 122 N.M. 63, 920 P.2d 1017 (observing that a reviewing court will affirm where material omitted from a jury instruction was "'undisputed and indisputable,' and no rational jury could have concluded otherwise" (quoting *State v. Orosco*, 113 N.M. 780, 786, 833 P.2d 1146, 1152 (1992)). We therefore reject Defendant's attack on the jury instruction.

**{13}** Finally, Defendant renews her challenge to the sufficiency of the evidence to support her conviction for child abuse. "We view the evidence in the light most favorable to the [s]tate, resolving all conflicts and indulging all inferences in favor of the verdict." *State v. Castañeda*, 2001-NMCA-052, ¶ 21, 130 N.M. 679, 30 P.3d 368.

**{14}** Defendant's conviction was based upon her act of driving while intoxicated with her six-year-old daughter in the car. Below, the State called the arresting officer as a witness, who testified that Defendant smelled of alcohol and that her eyes were bloodshot and watery. Additionally, Defendant admitted to drinking at least five beers and "some tequila" prior to driving, she admitted that she "probably had too much" alcohol to drive, and she acknowledged that her conduct was dangerous. We conclude that this circumstantial evidence, in conjunction with the evidence that Defendant's daughter was in the car Defendant was driving, constitutes substantial evidence that Defendant acted with reckless disregard for the safety of her daughter. *See id.* ¶ 22 (upholding a conviction for criminally negligent child abuse, based on similar evidence).

**{15}** In her memorandum in opposition, we understand Defendant to contend that her conviction should be reversed on grounds that the State failed to establish that her conduct actually harmed the child or was likely to do so. We disagree. "A defendant may be found guilty of . . . child abuse even if the child was never actually in danger or even likely to suffer harm." *Id.* ¶ 17. As a result, we reject Defendant's challenge to the sufficiency of the evidence to support her conviction for child abuse.

**CONCLUSION**

**{16}** For the reasons stated above and in the notice of proposed summary disposition, we affirm.

4

{17}   **IT IS SO ORDERED.**

 

 

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**Topic Index for *State v. Chavez*, No. 28,948**

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-CN | Child Abuse and Neglect |
| CL-DG | Driving While Intoxicated |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-EX | Expert Witness |
| CA-SE | Substantial or Sufficient Evidence |
| | |
| **EV** | **EVIDENCE** |
| EV-BT | Blood/Breath Tests |
| | |
| **JR** | **JURIES** |
| JR-PC | Peremptory Challenges |