**Certiorari Granted, August 3, 2012, No. 33,677**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number:  2012-NMCA-080**

**Filing Date: May 21, 2012**

**Docket No. 31,247**

 **STATE OF NEW MEXICO**,

        **Plaintiff-Appellee,**

**v.**

**SAUL ORQUIZ,**

        **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Templeman and Crutchfield
C. Barry Crutchfield
Lovington, NM

for Appellant

**OPINION**

**HANISEE, Judge.**

**{1}**      In this appeal, we address whether Defendant, who was convicted of driving while intoxicated (DWI), was also properly convicted of child abuse by endangerment based upon the presence of a child in the moving vehicle that Defendant drove.  We conclude that Defendant's moving DWI alone, which he does not challenge on appeal, provided a

1

sufficient factual basis for his child abuse by endangerment conviction, even if his DWI did not otherwise separately evince indicia of unsafe driving. Accordingly, we affirm Defendant's conviction of child abuse by endangerment.

## BACKGROUND

**{2}** The pertinent facts are not in dispute. Defendant was driving his vehicle, with his nine-year-old child in it, when he drove through an intersection without stopping at the stop sign and crashed into a ditch across the intersecting roadway. As a consequence, the vehicle's air bags deployed, and his child suffered a "busted lip" and scratches on his face and chest.

**{3}** An officer arrived at the accident scene at 6:09 p.m. and smelled alcohol on Defendant's breath. Defendant told the officer that he was unable to stop at the intersection because his brakes failed. Although he had not completed his investigation, the officer let Defendant accompany his child to the hospital in an ambulance. At the hospital, the officer continued to smell alcohol on Defendant, who admitted that he had consumed a six-pack of beer from noon to 3:00 p.m. that day. The officer then conducted field sobriety tests in the hospital parking garage, which Defendant performed in a manner consistent with impairment. The officer arrested Defendant for DWI and took him to jail where Defendant submitted to a chemical breath test. The test results showed Defendant's blood alcohol content (BAC) to have been .16 and .17, more than double the level permissible under New Mexico Law. NMSA 1978, § 66-8-102(C)(1) (2010). At trial, Defendant was convicted of DWI and child abuse by endangerment.

## ANALYSIS

**{4}** The DWI statute, Section 66-8-102(A), provides, "[i]t is unlawful for a person who is under the influence of intoxicating liquor *to drive* a vehicle within this state." (Emphasis added.) "[D]river" is defined as "every person who drives *or* is in actual physical control of a motor vehicle[.]" NMSA 1978, § 66-1-4.4(K) (2007) (emphasis added). Our jurisprudence interprets this provision as establishing two ways a person may "drive" a vehicle: (1) DWI based on being in "actual physical control" of the vehicle while impaired, whether or not the vehicle is moving, and (2) DWI based on actually driving a moving vehicle while impaired. *See State v. Sims*, 2010-NMSC-027, ¶¶ 7, 10-12, 148 N.M. 330, 236 P.3d 642. Here, Defendant's DWI conviction was based on his actual driving of a vehicle while impaired. Although no witnesses testified to seeing Defendant's vehicle in motion, the investigating officer relayed Defendant's on-scene admission that he had been driving when his brakes failed, as well as the officer's own observations of the single-vehicle crash scene. Such evidence of past driving, though circumstantial, is nonetheless sufficient for a jury to infer that Defendant actually drove while impaired when considered alongside Defendant's known BAC. *See State v. Mailman*, 2010-NMSC-036, ¶¶ 23, 26-28, 148 N.M. 702, 242 P.3d 269 (recognizing that the state may introduce direct *or* circumstantial evidence that the defendant drove while intoxicated).

**{5}** On appeal, Defendant does not challenge his DWI conviction. Instead, he contends that the State failed to present sufficient evidence to support his separate conviction for child abuse by endangerment. We review to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). Under this standard, "[w]e view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993). We do not reweigh the evidence, nor do we substitute our judgment for that of the fact-finder, so long as there is sufficient evidence to support the verdict. *Sutphin*, 107 N.M. at 131, 753 P.2d at 1319.

**{6}** To convict Defendant of child abuse by endangerment, the State bore the burden to prove beyond a reasonable doubt that Defendant caused his child to be placed in a situation that endangered the child's life or health, and that Defendant did so with "reckless disregard." NMSA 1978, § 30-6-1(A)(3), (D)(1) (2009). Reckless disregard requires that Defendant "knew or should have known [his] conduct created a substantial and foreseeable risk, [he] disregarded that risk[,] and [he] was wholly indifferent to the consequences of [his] conduct and to the welfare and safety of [his child]." UJI 14-604 NMRA.

**{7}** Defendant alleges that the State failed to show that he acted with reckless disregard for the welfare and safety of his child while he drove. Defendant maintains that his accident was caused by his vehicle's unforeseeable brake failure[1] rather than by his intoxication. Absent a provable act of unsafe driving caused by his intoxication, Defendant argues, his child abuse by endangerment conviction should be reversed. In other words, Defendant contends that the mere fact that he was driving while intoxicated—standing alone—is insufficient as a matter of law to support a conviction for child abuse by endangerment. As detailed below, we do not agree.

**{8}** Defendant's argument is premised upon the erroneous presumption that there must be some specific indicia of driving in a perilous manner, or "plus factor" caused by his intoxication, that put his child passenger at risk to a degree greater than that occasioned by his DWI. As discussed more fully below, irrespective of what caused Defendant's accident—bad brakes or impairment to his judgment or physical ability as a consequence of his intoxication—the relevant inquiry for the jury to resolve was whether Defendant, while intoxicated, drove a moving vehicle with his child as a passenger. We conclude that this circumstance alone, without more, is a sufficient basis upon which to support his child abuse by endangerment conviction.

---

[1] We note that while Defendant was charged with a stop sign violation, the district court ultimately granted a directed verdict in his favor as to that charge after considering defense counsel's argument that Defendant failed to stop due to unexpected brake failure, rather than as a consequence of his intoxication. The State's arguments below and on appeal thus are premised solely on its view that Defendant's DWI alone supports his child abuse conviction.

3

**{9}** In reaching this conclusion, *State v. Chavez*, 2009-NMSC-035, 146 N.M. 434, 211 P.3d 891, is instructive. There, our Supreme Court recognized that "[c]hild abuse by endangerment, as opposed to physical abuse of a child, is a special classification [of offense] designed to address situations where an accused's conduct exposes a child to a significant *risk* of harm, even though the child does not suffer a physical injury." *Id.* ¶ 15 (internal quotation marks and citation omitted). Despite its acceptance of the Legislature's determination that injury is not an element of child abuse by endangerment, *Chavez* rejected a literal reading of the endangerment statute that would "permit prosecution for any conduct, however remote the risk, that *may* endanger a child's life or health." *Id.* ¶ 16 (alteration and internal quotation marks omitted). Instead, *Chavez* emphasized that "by classifying child endangerment as a third-degree felony, our Legislature anticipated that criminal prosecution would be reserved for the most serious occurrences, and not for minor or theoretical dangers." *Id.*

**{10}** In light of *Chavez* and the requirement that the risk of harm to a child be substantial and foreseeable, our case law holds that a conviction for child abuse by endangerment cannot be sustained when premised upon a DWI conviction that is based on the driver being in actual physical control of a *non-moving vehicle* with a child occupant. *See State v. Etsitty*, 2012-NMCA-012, ¶¶ 12, 13, ____ N.M. ____, 270 P.3d 1277 (holding that there was insufficient evidence to support a child abuse by endangerment conviction premised upon Defendant's "actual physical control" type DWI conviction because child abuse by endangerment premised on this type of DWI "effectively turns the child abuse charge into an attempted crime . . . and create[s] liability for an inchoate crime where none was charged or otherwise shown to have been intended by the Legislature"); *see also State v. Cotton*, 2011-NMCA-096, ¶¶ 13-22, 150 N.M. 583, 263 P.3d 925 (in a case in which there was insufficient evidence to support an "actual driving" type DWI, the Court also found insufficient evidence to support a conviction for child abuse by endangerment premised upon the possibility that the defendant might drive while impaired in the future).

**{11}** Unlike *Etsitty* and *Cotton*, in which the actions of intoxicated drivers in physical control of non-moving vehicles presented a mere theoretical danger to their child passengers, Defendant undertook the non-theoretical peril of driving a moving vehicle, while intoxicated, with a child passenger. This significant distinction actualized the potential peril presented by our "physical control" cases. As emphasized by the State, beyond merely being a witness to or in proximity of a dangerous event, Defendant's actions placed his child inescapably within a moving zone of danger. *See Chavez*, 2009-NMSC-035, ¶ 26 (recognizing that a conviction for child abuse by endangerment requires that the defendant place a child within the zone of danger and in physical proximity to an inherently dangerous situation). For this reason, even assuming that brake failure caused the accident rather than Defendant's intoxication, we conclude that Defendant was nonetheless properly convicted of child abuse by endangerment.

**{12}** We recognize that most of our cases for child abuse by endangerment in the context of DWI based on actual driving occurred in circumstances which bore additional indicia of unsafe driving, or other "plus factors" that arose as the apparent consequence of the driver's impairment. *See, e.g.*, *State v. Santillanes*, 2001-NMSC-018, ¶¶ 2, 38, 130 N.M. 464, 27 P.3d 456 (upholding the defendant's child abuse conviction for driving while intoxicated and

4

colliding with an oncoming truck, resulting in the death of his minor passengers); *State v. Watchman*, 2005-NMCA-125, ¶¶ 4-7, 138 N.M. 488, 122 P.3d 855 (holding that there was sufficient evidence of child abuse when defendant drove drunk to a bar with her child as a passenger and then left the child alone in a dangerous parking lot); *State v. Castañeda*, 2001-NMCA-052, ¶¶ 3, 22, 130 N.M. 679, 30 P.3d 368 (affirming a conviction for criminally negligent child abuse when the driver drove while intoxicated on the wrong side of the highway with her unrestrained children in the car). But our case law has never required such "plus factors" to be present when the child abuse is premised on a DWI with a child present in a moving vehicle.

**{13}** For example, in *State v. Chavez*, 2009-NMCA-089, ¶¶ 13-15, 146 N.M. 729, 214 P.3d 794, this Court held that the defendant who drove drunk with her six-year-old daughter in the vehicle was guilty of child abuse by endangerment. The Court noted within its analysis the defendant's statement that she "'probably had too much' alcohol to drive, and [her] acknowleg[ment] that her conduct was dangerous," as circumstantial evidence. *Id.* ¶ 14. But *Chavez* does not provide that, in addition to actual driving while impaired with a child in the car, there *must* also be some evidentiary "plus factor" that makes the DWI particularly dangerous.

**{14}** *Etsitty* is also instructive within its holding that DWI by actual physical control of a non-moving vehicle does not support a child abuse by endangerment conviction based upon the merely theoretical danger posed to a potential child passenger. 2012-NMCA-012, ¶¶ 12-13. Specifically, *Etsitty* recognizes that actual driving would be sufficient to support a child abuse by endangerment conviction, stating that "[c]learly, had [the d]efendant carried out his intentions and begun to drive with his child in the car, or had there been evidence that [the d]efendant was driving while intoxicated prior to his contact with the police, he could have been convicted of child abuse by endangerment." *Id.* ¶ 11; *cf. State v. Clemonts*, 2006-NMCA-031, ¶ 16, 139 N.M. 147, 130 P.3d 208 (holding there was insufficient evidence to support a child abuse conviction where the defendant was *acquitted of DWI* and the misdemeanor traffic offenses he committed did not, considered alone, expose the children to a substantial risk of harm).

**{15}** Implicit in this Court's holdings in *Chavez* and *Etsitty*, although not expressly stated, is the conclusion that driving a moving vehicle while intoxicated in and of itself exposes a child passenger to a substantial risk of harm. And from a policy perspective, this conclusion makes sense. By analogy, our case law recognizes the compelling public safety interest in deterring individuals from driving while intoxicated. *See generally State v. Harrison*, 115 N.M. 73, 77, 846 P.2d 1082, 1086 (Ct. App. 1992) (noting that "innocent individuals are oftentimes injured or killed, and their families and loved ones made to suffer [and, therefore, the potential harm of DWI is] much greater than if only the irresponsible person who drove while intoxicated was put in danger"). In light of this compelling public interest, DWI is a strict liability crime, which does not require any indicia of bad driving or other "plus factor" to support a conviction. *State v. Gurule*, 2011-NMCA-042, ¶¶ 13, 11, 149 N.M. 599, 252 P.3d 823 (recognizing that Section 66-8-102 "clearly provides that *the only thing necessary* to convict a person of DWI is proof that the defendant was driving a vehicle either under the influence of intoxicating liquor or while he had a certain percentage of alcohol in his blood" (emphasis added) (internal quotation marks and citation omitted)). As a matter of policy,

5

therefore, it would be inconsistent for this Court to recognize the risk and danger posed to the general public by a DWI driver, yet not extend this same level of concern and protection to a child who is an actual passenger in the DWI driver's moving vehicle. *See State v. Graham*, 2005-NMSC-004, ¶ 9, 137 N.M. 197, 109 P.3d 285 (given the compelling public interest in protecting children, the Legislature—by including endangerment in Section 30-6-1—has expressed its intent to extend the crime of child abuse to certain conduct even if the child has not suffered physical harm). In such an instance, not only does the intoxicated driver threaten the safety of the general public, but the driver also poses an immediate, substantial, and foreseeable threat to a specific member of the general public who is a child and a passenger in the driver's vehicle. For this reason, just as the driver's actions strictly constitute DWI, even absent any additional "plus factor," so do the driver's actions constitute child abuse by endangerment.

**{16}** Lastly, apart from the merits, we note an apparent clerical error in the "judgment and order partially suspending sentence." The judgment recites that Defendant was convicted for DWI, contrary to Section 66-8-102(D)(1) (defining aggravated DWI as operating a motor vehicle with a BAC of at least .16). The jury instructions, however, addressed DWI pursuant to the portions of the statute which prohibit driving while impaired to the slightest degree or alternatively DWI based on driving with a BAC of .08 or more. To ensure accuracy with the verdict returned by the jury, we remand with instructions that the judgment be corrected to reflect the specific DWI for which Defendant was convicted.

## CONCLUSION

**{17}** Based on the foregoing discussion, we affirm on the merits, and remand for correction of the judgment to accurately reflect the DWI crime of which Defendant was convicted.

**{18}   IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**Topic Index for *State v. Orquiz*, Docket No. 31,247**

**APPEAL AND ERROR**
Standard of Review
Substantial or Sufficient Evidence

6

**CRIMINAL LAW**
Child Abuse and Neglect
Driving While Intoxicated