This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v. **NO. 31,091**

**JOSE S. ENRIQUES**,

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

Defendant Jose Enriques was convicted of aggravated driving while under the influence (DWI), child abuse by endangerment, and attendant traffic-related charges. On appeal, he maintains that each conviction was tainted by the prosecutor's improper remarks during closing argument and must be reversed based upon that misconduct. He also asserts that his conviction for third-degree child abuse cannot stand because under the facts of this case it was not supported by sufficient evidence. We disagree and affirm.

## I.    FACTUAL BACKGROUND

On the late evening of October 15, 2009, New Mexico State Police Sergeant Matthew Broom observed a moving pickup truck repeatedly cross the center and shoulder lines of South Avenue D., in Portales. After observing the erratic driving for approximately one mile, Sergeant Broom conducted a traffic stop. He then approached the passenger-side window of the truck, which Defendant rolled down from the driver's seat he occupied. Sergeant Broom immediately smelled a strong odor of alcohol and observed a small child—Defendant's six-year-old son—asleep in the rear seat of the truck's cab. Suspecting Defendant was under the influence of alcohol, Sergeant Broom returned to his vehicle and called for a second officer specifically trained to conduct a DWI investigation.

Officer Jeff Telles, also of the New Mexico State Police, arrived soon thereafter

to assist Sergeant Broom with the DWI investigation. Officer Telles spoke briefly with Defendant, who admitted drinking two beers four hours earlier, but maintained that when stopped, he was getting medicine for his sick child. Officer Telles also saw the child in the back seat, apparently sleeping. Based upon familiar markers of intoxication—including bloodshot, watery eyes, odor of alcohol, and an admission of prior alcohol consumption—Officer Telles instructed Defendant to perform certain field sobriety tests. According to Officer Telles, Defendant's attempts to complete the field tests failed to comport with a skill level that indicated an absence of intoxication.

Following the conclusion of the on-site DWI investigation, Defendant was arrested and given the opportunity to provide a breath or blood sample to determine the alcohol content of his blood. Defendant refused to submit to the test, opting to face elevated charges under New Mexico law. Defendant's son was then released into the custody of a family member. Afterward, Officer Telles discovered an open, half-full beer can on the front passenger floorboard pursuant to his pre-tow inspection of the vehicle.

At trial, in addition to the evidence presented of Defendant's intoxication, his arrest, and the presence of a child passenger in his moving pickup truck, evidence indicated that the direction Defendant drove was toward Goober's, a bar in Portales, and away from his own home. There was no direct evidence that Defendant had either

3

previously been to or was then on his way to Goober's, nor does our review of the record reveal the presence of testimony regarding the layout of Portales convenience stores from which medicine for an ill child could have been purchased. Nonetheless, the prosecutor remarked in closing argument, based on her observation that the trial jurors were all "residents of Roosevelt County," that "[Defendant] had already passed the Allsup's" and other places "that he could get medicine" at that time of night. She added that he "wasn't headed toward Walmart" and that there was a "reasonable inference" that Defendant was "on his way to the bar."

The prosecutor further highlighted her contention in this regard by arguing that Defendant in fact sought to "get medicine for himself and not medicine for his son." Defense counsel objected to the verbiage of the prosecutor's closing argument as being based upon factual assertions not contained within the admitted trial evidence and asserted that each comment constituted an improper and conclusory expression of the State's opinion. Defendant's attorney did not, however, seek a mistrial, a curative instruction, or even request that the statements be struck from the record. Rather, he merely asked that "the State argue the evidence and not its opinion." The district court determined that the comments in closing argument were in fact a reasonable inference from the trial evidence and allowed the prosecutor to proceed. Following deliberation, Defendant was convicted of aggravated DWI, third-degree

4

child abuse by endangerment, driving on a suspended license, failure to maintain lane, open container, and failure to provide proof of insurance. This appeal follows.

**II. DISCUSSION**

We review Defendant's preserved assertions of prosecutorial misconduct for an abuse of discretion. *State v. Chamberlain*, 112 N.M. 723, 729, 819 P.2d 673, 679 (1991). The standard of review for sufficiency of the evidence "is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). We review the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The question before us as a reviewing Court is not whether we would have had a reasonable doubt but whether it would have been impermissibly unreasonable for a jury to have concluded otherwise." *State v. Rudolfo*, 2008-NMSC-036, ¶ 29, 144 N.M. 305, 187 P.3d 170.

Both issues presented by Defendant on appeal are topics of recent appellate jurisprudence. In *State v. Torres*, our Supreme Court comprehensively addressed a claim of prosecutorial misconduct during closing argument, concluding that an

improper action "limited in scope and duration . . . [and] peripheral to the evidence presented and the elements of the crime for which [the d]efendant was on trial" did not, for those and other reasons, "deprive [the d]efendant of a fair trial." 2012-NMSC-016, ¶¶ 24, 7, 279 P.3d 740. And in *State v. Orquiz*, this Court concluded that a conviction for third-degree child abuse by endangerment was sufficient as a matter of law "based upon the presence of a child in the moving vehicle that [the d]efendant drove" while intoxicated. 2012-NMCA-080, ¶ 1, 284 P.3d 418, *cert. granted*, 2012-NMCERT-___, ___ P.3d ___ (No. 33,677, Aug. 3, 2012). We find each case to be directly applicable and dispositive of the claims herein, and we address each in turn.

**A.      Prosecutorial Misconduct**

At the outset, we reiterate that Defendant did not request a curative instruction or mistrial based on the prosecutor's comments regarding Defendant's explanation that his reason for travel was to acquire medicine for his sick child. Defense counsel merely asked that the State argue the evidence, not its opinion. We employ our recent precedent on the issue—though it involved actual requests for mistrials—in order to succinctly resolve the issue.

A preserved claim that a particular conviction should be reversed for prosecutorial misconduct involves a two part inquiry: (1) whether the prosecutor's

6

conduct was improper, and (2) if so, whether it constituted reversible error in light of the trial court's response. *See Torres*, 2012-NMSC-016, ¶¶ 9-10 (answering separately the propriety of the prosecutor's conduct and whether that conduct constituted reversible error). Either question answered in the negative disposes of the claim. Without deciding whether the prosecutor's inference—that Defendant was on his way to Goober's bar when stopped by Sergeant Broom—was reasonable, we answer only the second prong because it is dispositive here.

In *Torres*, *id.* ¶ 10, our Supreme Court restated the relevant factors for reversible error that were carefully distilled from its prior precedent in *State v. Sosa*, 2009-NMSC-056, ¶ 26, 147 N.M. 351, 223 P.3d 348: "(1) whether the statement invades some distinct constitutional protection; (2) whether the statement [was] isolated and brief, or repeated and pervasive; and (3) whether the statement [was] invited by the defense." We conclude that the factors do not weigh so heavily in favor of Defendant's position that we are willing to "determine that all the safeguards at the trial level have failed." *Id.* ¶ 25 (noting that "[o]nly in the most exceptional circumstances should we, with the limited perspective of a written record," "reverse the verdict of a jury and the judgment of a jury and the judgment of a trial court").

First, the prosecutor's comments did not impact any constitutional protection, such as "the right against self-incrimination," "the right to remain silent," or the "right

7

to refuse a warrantless automobile search." *See Torres*, 2012-NMSC-016, ¶ 12. With respect to the more general constitutional protection of due process, the prosecutor's comments, which related to Defendant's intent, were largely peripheral to the elements of the crimes charged. In fact, of the six charged crimes, four were strict liability crimes (DWI, driving on a suspended license, failure to maintain lane, and no proof of insurance) requiring no intent at all. Of the remaining two, only the child abuse charge involved a mens rea even remotely related to the prosecutor's comments during closing argument.

According to the tendered jury instructions, child abuse required that "[D]efendant acted intentionally or with reckless disregard." The jury was further instructed that to find Defendant "acted with reckless disregard, [they] must find that [Defendant] knew or should have known [D]efendant's conduct created a substantial and foreseeable risk, [D]efendant disregarded that risk and [D]efendant was wholly indifferent to the consequences of the conduct and to the welfare and safety of [the child.]" In this context, the prosecutor's comments that sought to negate Defendant's on-scene excuse—that his child was sick and needed medicine—is arguably related. But, Defendant did not assert the defense of necessity at trial or ask for any related jury instructions. It was the State, rather, that elicited testimony from Officer Telles of Defendant's on-scene excuse. Thus, in our view, just as in the *Torres* Court where

8

the trial court noted "[that] the [improper] references to the existence of a seatbelt citation" were peripheral to the challenged convictions, 2012-NMSC-016, ¶ 12, here, the prosecutor's setting-up and knocking-down of the abandoned "necessity defense" was peripheral to the underlying convictions.

Moreover, the State's theory of child abuse was never premised in any way upon Defendant's intent to go to Goober's bar. The criminal information filed in the Roosevelt County Court stated as follows:

> Count 1: **Child Abuse - Intentional (No Death or Great Bodily Harm)**, in that on or about, October 16, 2009 in Roosevelt County, New Mexico, the above-named [D]efendant did intentionally and without justification, cause A.E., a child under the age of eighteen years, to be placed in a situation that may endanger his/her life or health, to wit: *by operating a motor vehicle while under the influence of intoxicating liquor and having the child as a passenger*, a third degree felony, contrary to [NMSA 1978,] Section 30-6-1(D) [2009.].

(Emphasis added.) The State's theory remained the same throughout trial. In rebuttal closing, the State reiterated the instructions to the jury on child abuse and explained its theory that Defendant acted with "reckless disregard" by (1) "operating that car," (2) "weaving," (3) not having "his child in a safety seat," and (4) being "under the influence of alcohol." Notably missing from that theory was any reference to the place where the State believed Defendant was traveling.

As for the second and third *Sosa* factors, neither has much impact on these facts. The prosecutor's comments were isolated and brief—taking a mere ninety-one

seconds of a more than twenty-two-minute closing argument. But, as explained above, the "sick child" excuse was elicited and defeated by the State, not invited by Defendant. On balance, we cannot conclude that "the comments materially altered the trial or likely confused the jury by distorting the evidence," such that reversal is warranted. *Torres*, 2012-NMSC-016, ¶ 10 (internal quotation marks and citation omitted). "[T]hese factors are only meant to be useful guides and that context is paramount." *Id.* (internal quotation marks and citation omitted). Lastly, while we recognize that the district court allowed the prosecutor to make the challenged inferences, which were based on presumptions about the jury's knowledge of local geography and store locations, the jury was instructed repeatedly that they were "to determine the facts from the evidence produced . . . in court," and not "on speculation, guess or conjecture." The judge explained that the "arguments of the lawyers are not evidence" and that "the only thing that should matter in your deliberations is what you decide the evidence has shown, and your verdicts must be based only upon the evidence." We conclude that the prosecutor's comments, even if improper, did not constitute reversible error. We thus follow *Torres* and conclude that "we do not believe the prosecutor's actions stood to affect the jury's view of the relevant evidence presented." 2012-NMSC-016, ¶ 15.

**B.      Sufficiency of the Evidence**

Defendant argues, pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), that there was insufficient evidence to support his conviction for child abuse. We disagree.

The instructions tendered to the jury on child abuse read as follows:

1. Jose Enriques caused [his son] to be placed in a situation which endangered the life or health of [the child];
2. [D]efendant acted intentionally or with reckless disregard . . . .
3. [The Child] was under the age of 18;
4. This happened in New Mexico on or about the 16th day of October, 2009.

The State presented the testimony of both officers involved in the investigation of Defendant. Each testified to Defendant's identity, A.E.'s status as a child, and the location of the incident. Sergeant Broom testified that he observed Defendant driving the truck and cross the center and shoulder lines repeatedly within a very short span of time. Officer Telles testified at length regarding his determination that Defendant was DWI. No testimony was offered to the contrary.

Additionally, Defendant does not challenge the sufficiency of his DWI conviction, which could have alone served as the basis of his child abuse conviction. As this Court has recently held, facts such as those introduced in this case are sufficient to support a jury's conviction on child abuse. *See Orquiz*, 2012-NMCA-080, ¶ 1 (holding that evidence of moving DWI alone—without any additional evidence of dangerous driving—coupled with the presence of a child in the

11

offending vehicle, is sufficient to support a conviction for child abuse by endangerment).

In the case at bar, however, Defendant's DWI was actually accompanied by two additional indicia of unsafe driving. Defendant's six-year-old son was not secured by a child car seat as required by New Mexico law. *See* NMSA 1978, § 66-7-369(B)(3)(2005) ("[C]hildren five years of age through six years of age, regardless of weight, . . . shall be properly secured in either a child booster seat or an appropriate child passenger restraint device that meets federal standards[.]"). And, Defendant was observed to have crossed both the centerline and shoulder line repeatedly. Those additional facts confirm Defendant's conviction even under pre-*Orquiz* law. *See, e.g.*, *State v. Castañeda*, 2001-NMCA-052, ¶¶ 3, 22, 130 N.M. 679, 30 P.3d 368 (affirming a conviction for criminally negligent child abuse when the driver drove while intoxicated on the wrong side of the highway with her unrestrained children in the car).

## III. CONCLUSION

We reject Defendant's claim that his convictions were tainted by the prosecutor's comments and constitute reversible error, as well as his claim that insufficient evidence supports his conviction for child abuse by endangerment. We therefore affirm Defendant's convictions in toto.

**IT IS SO ORDERED.**

12

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JAMES WECHSLER, Judge**