This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39894**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**CARLOS LOPEZ,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew Chandler, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Erica Schiff, Assistant Attorney General
Albuquerque, NM

for Appellee

Patrick J. Martinez & Associates
Patrick J. Martinez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}**　　Defendant Carlos Lopez appeals his convictions for driving while intoxicated (DWI) in violation of NMSA 1978, Section 66-8-102(A) (2016) and possession of alcoholic beverages in open containers in a motor vehicle in violation of NMSA 1978, Section 66-8-138(B) (2013). Defendant contends that we must reverse both convictions because (1) the district court erred when it denied his motion for a directed verdict; (2) the district court abused its discretion when it admitted an officer's body camera footage

capturing video from a surveillance camera video and a breath alcohol card; and (3) cumulative error deprived him of a fair trial. We affirm.

**DISCUSSION**

**I.      Sufficient Evidence Supports Defendant's Convictions**

**{2}**      Defendant asserts that the district court abused its discretion in denying his motion for directed verdict on the DWI and open containers counts. We address this issue as a challenge to the sufficiency of evidence, *see State v. Dominguez*, 1993-NMCA-042, ¶ 36, 115 N.M. 445, 853 P.2d 147, applying our established standard of review for such challenges. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176; *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *State v. Gipson*, 2009-NMCA-053, ¶ 4, 146 N.M. 202, 207 P.3d 1179. Deferring to the jury in accordance with this standard of review and measuring the evidence against the given jury instructions, *State v. Arrendondo*, 2012-NMSC-013, ¶ 18, 278 P.3d 517, we conclude that the evidence sufficed to support Defendant's DWI and open container convictions.

**A.      DWI**

**{3}**      We understand Defendant to argue that the State failed to present sufficient evidence to support either DWI theory: (1) that Defendant actually drove while intoxicated (past driving) and, in the alternative; (2) that Defendant had actual physical control of the vehicle with a general intent to drive while intoxicated. *See State v. Orquiz*, 2012-NMCA-080, ¶ 4, 284 P.3d 418 (explaining the two types of "driving" sufficient for a DWI are (1) being impaired and "actually driving a moving vehicle"; and (2) being impaired and having "actual physical control" of a moving or nonmoving vehicle). We conclude that the State presented sufficient evidence to support Defendant's conviction for DWI under the first theory, past driving, and therefore do not address Defendant's argument as to the second theory. *See State v. Olguin*, 1995-NMSC-077, ¶ 2, 120 N.M. 740, 906 P.2d 731 (holding that due process does not require a general verdict of guilt to be reversed if one of the two alternative bases for conviction is supported by sufficient evidence and the other basis is not legally inadequate).

**{4}**      To convict Defendant of DWI for past driving under the jury instructions that were given, the State had to prove beyond a reasonable doubt that

(1)      [D]efendant operated a motor vehicle;

(2)      At the time, . . . [D]efendant was under the influence of intoxicating liquor, that is, as a result of drinking liquor . . . [D]efendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public; [and]

(3)     This happened in New Mexico on or about January 29, 2020.

*See* UJI 14-4501 NMRA.

**{5}**     Defendant focuses on the temporal requirement, arguing that the State failed to present sufficient evidence that Defendant was "driving while under the influence of alcohol to the slightest degree of impairment prior to the vehicle being parked." We disagree because we believe a jury could reasonably infer from the following circumstantial evidence that Defendant drove while intoxicated. *See State v. Mailman*, 2010-NMSC-036, ¶¶ 23, 27-28, 148 N.M. 702, 242 P.3d 269 (noting that direct evidence is not required to support a DWI conviction and that circumstantial evidence may be relied upon to establish that the accused drove while intoxicated).

**{6}**     The responding officer, Officer Contreras, testified that when he arrived at the residence at approximately 10:00 p.m., the vehicle was already parked in the driveway and Defendant was seated on top of the hood of the vehicle. Despite the "freezing" weather, Defendant was not wearing a shirt, and his pants were below his waistline. Officer Contreras testified that he smelled alcohol on Defendant's breath. He also observed an open can of beer in the vehicle's center console and two pint-sized, flavored, half-full vodka bottles underneath the driver's seat.

**{7}**     Officer Contreras obtained permission from the resident of the home, Ms. Hernandez, to review the surveillance camera footage, a portion of which was captured on Officer Contreras's body camera. Officer Contreras testified to the following observations of the footage: Defendant drove into the driveway of the residence around 8:00 p.m. that evening; he "immediately" exited the driver's side of the vehicle; there was nobody else in the vehicle; Defendant was not wearing a shirt; shortly after exiting the vehicle, Defendant picked up a large boulder and unsuccessfully attempted to throw the boulder at the vehicle; Defendant began to push on the vehicle as if he were attempting to push it out of the driveway; and Defendant never re-entered the vehicle after he parked it.

**{8}**     After reviewing the video and before taking Defendant into custody, Officer Contreras asked Defendant to perform standardized field sobriety tests. Defendant ignored every request to perform the tests and ultimately refused to perform the tests. After arresting Defendant, Officer Contreras read to Defendant the Implied Consent Advisory for breath tests and Defendant agreed to perform a breath test. Officer Contreras administered two breath tests on Defendant and the results were 0.11 g/210L and 0.10 g/210L, respectively. Moreover, Ms. Hernandez testified that she had allowed Defendant to borrow her vehicle that evening and that Defendant was not intoxicated when she gave him the keys to the vehicle.

**{9}**     We conclude that this evidence suffices to convict Defendant of DWI under the theory of past driving while intoxicated. *See Mailman*, 2010-NMSC-036, ¶ 24 (concluding that substantial circumstantial evidence supported the reasonable inference that the defendant drove while intoxicated in part because he "refused to take the field

sobriety tests and the breath test, . . . . had an open can of beer on the center console of his vehicle, . . . he was disoriented and confused, . . . and had difficulty maintaining his balance"); *State v. Alvarez*, 2018-NMCA-006, ¶¶ 13-14, 409 P.3d 950 (concluding that substantial circumstantial evidence supported the reasonable inference that the defendant drove while intoxicated in part because the defendant was the sole occupant of the vehicle, exited the vehicle from the driver's seat, and admitted to driving).

**{10}** Defendant relies on *State v. Cotton*, 2011-NMCA-096, ¶ 14, 150 N.M. 583, 263 P.3d 925, to support his argument that the State failed to present sufficient evidence that Defendant's impairment and driving overlapped. In that case, officers responded to a call about a possible domestic violence incident occurring in a van parked on a roadside. *Id.* ¶ 1. The defendant was seated in the driver's seat of the van; the van was not running; the keys were not in the ignition; one officer detected the odor of alcohol emanating from the van; and the defendant had admitted to drinking alcohol one hour prior to contact with the officers. *Id.* ¶¶ 5-6. The defendant was arrested for, charged with, and ultimately convicted of aggravated DWI. *Id.* ¶ 1. The State's sole theory at trial was that there was sufficient circumstantial evidence that the defendant drove the van before he encountered the officers and that he was impaired to the slightest degree at that time. *Id.* ¶ 8. This Court reversed the defendant's conviction because "[t]he mere fact that [his] van was observed at a roadside location with [the d]efendant sitting in it in a state of intoxication, without more, does not prove [that he] drove while impaired." *Id.* ¶ 14. Thus, the determinative factor in *Cotton* was the lack of evidence related to the timing of the driving in relation to the impairment—i.e., "there was no evidence presented to prove that the driving and impairment overlapped." *Id.*

**{11}** Unlike in *Cotton*, here the State presented evidence from which the jury could reasonably infer that Defendant was impaired while he drove: namely, witness testimony described that Defendant was sober when he took the car keys from Ms. Hernandez; upon his return, video evidence showed him exiting the driver seat of the car "immediately" upon arrival in the driveway; nobody else appeared to be present in the car upon arrival; and—without ever getting back into the car—Defendant acted in an unusual and unruly manner, refused to perform field sobriety tests, and rendered breath test results that were above the legal limit to operate a motor vehicle. We believe that these facts—the likes of which were not present in *Cotton*—supported a reasonable inference "that the [past] driving and impairment overlapped." *Id.*

**{12}** Defendant points out that Ms. Hernandez testified that one could possibly mistake Defendant for his brother on a video, and that Officer Contreras testified that Defendant had "plenty of time" to consume alcohol while the vehicle was parked. But "the jury [was] free to reject [this] version of the facts," *Rojo*, 1999-NMSC-001, ¶ 19, and we may not reweigh the evidence or substitute our judgment for that of the fact-finder. *Gipson*, 2009-NMCA-053, ¶ 4.

**{13}** For these reasons, we hold that sufficient evidence supports Defendant's DWI conviction.

**B.      Open Container**

**{14}**     Defendant argues that the State failed to present sufficient evidence to support Defendant's conviction for possession of open containers of alcohol in a motor vehicle. The pertinent parts of the given jury instruction described three essential elements: (1) the vehicle had been on a public roadway; (2) Defendant had an open beer can and vodka containers in the vehicle; and (3) Defendant knew he possessed the beer can and vodka containers.[1] For the reasons that follow, we conclude that the evidence at trial gave the jury a reasonable basis for finding that the State proved all three of these elements beyond a reasonable doubt.

**{15}**     As to the first element, there was evidence that Defendant borrowed Ms. Hernandez's vehicle to take his brother home, and that, after he did so, Defendant drove the vehicle into the driveway of Ms. Hernandez's residence, parked the vehicle and exited from the driver's side. Based on this evidence, the jury could reasonably infer that Defendant drove the vehicle on a public roadway.

**{16}**     As to the second and third elements, the State presented evidence from which a jury could reasonably infer that Defendant knowingly possessed the open beer can and vodka containers in the vehicle. Officer Contreras observed an open can of beer in the vehicle's center console and two half-full vodka bottles underneath the driver's seat, Defendant exited the vehicle from the driver's seat, and Defendant was the sole occupant of the vehicle after he parked it in the driveway. This evidence suffices to establish the second and third elements under the given instruction.

**{17}**     We hold that sufficient evidence supports Defendant's conviction for possession of open containers.

**II.      Defendant Has Not Demonstrated Reversible Error in the District Court's Rulings Admitting Evidence**

**A.      Body Camera Footage**

**{18}**     Defendant claims that the officer's body camera footage, which captured a portion of the surveillance camera video—a "video of a video"—should have been excluded from evidence under the best evidence rule, Rule 11-1002 NMRA, and that its admission into evidence amounts to reversible error. We are not persuaded that the

---

1The section of Defendant's brief regarding sufficiency of the evidence includes two sentences asserting that the jury instruction for the open container charge misstated the law. A similar assertion appears in part of a sentence in the section regarding cumulative error. It is unclear whether these assertions were included to support a claim that an error in the jury instruction suffices, standing alone, to warrant reversal. In any event, Defendant fails to note where such a challenge was preserved or develop an argument that the instruction would have confused or misled a reasonable juror, and if it would have, that the unpreserved error amounts to fundamental error. *See State v. Ocon*, 2021-NMCA-032, ¶¶ 7-12, 493 P.3d 448 (describing fundamental error analysis for unpreserved claims of instructional error). We decline to develop such an argument for Defendant. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53.

district court abused its discretion by admitting the video. *See State v. Garnenez*, 2015-NMCA-022, ¶ 29, 344 P.3d 1054 (recognizing that the standard of review for evidentiary rulings is abuse of discretion).

**{19}** The best evidence rule provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a statute provides otherwise." Rule 11-1002; *see* Rule 11-1001(D) NMRA (defining an "original" as "the writing or recording itself or any counterpart intended to have the same effect by the person who executed or issued it. For electronically stored information, 'original' means any printout—or other output readable by sight—if it accurately reflects the information."). However, this rule is subject to exceptions as provided by statute or rule, including Rule 11-1003 NMRA, which provides that a mechanically or electronically produced "duplicate" of an original recording "is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." *See also* Rule 11-1001(E) (defining "duplicate").

**{20}** As noted, the district court overruled Defendant's best evidence objection. In the discussion preceding this ruling, the State described the relevant video as the Officer's "body camera footage of the security video," and Defendant described it as "a video of a video." These descriptions support the determination that the video proffered by the State was a "duplicate" of the original recording, Defendant does not challenge the authenticity of the original video, and we are aware of no circumstances that made it unfair to admit the body camera video. Its admission into evidence therefore appears consistent with Rule 11-1003.

**{21}** Defendant contends that the admission of the body camera video was prejudicial because the State failed to preserve the original video and produce it in discovery. He argues that the original video was much longer and of higher resolution than the body camera video, and that what was missing from the body camera video but captured by the original video would have supported his defenses and allowed him to more effectively cross-examine Officer Contreras. Importantly, Defendant has not raised a claim of error or developed any argument pertaining to a failure to preserve evidence, *see State v. Chouinard*, 1981-NMSC-096, ¶ 16, 96 N.M. 658, 634 P.2d 680, or a failure to produce exculpatory evidence. *See* Rule 5-501(A)(6) NMRA; *State v. Turrietta*, 2013-NMSC-036, ¶ 35, 308 P.3d 964. To the extent that Defendant's contentions might be construed as an argument that the circumstances made admission of the body camera video unfair under Rule 11-1003, Defendant has not cited anything in the record in support of his contentions. Instead, Defendant offers only speculative arguments about what the original video would have shown and how its contents would have strengthened his defenses. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)).

**{22}** Defendant has not persuaded us that the district court's ruling was "clearly against the logic and effect of the facts and circumstances of the case." *Rojo*, 1999-NMSC-001, ¶ 41. We therefore decline to hold that the district court abused its discretion.

## B. Breath Alcohol Card

**{23}** Defendant asserts that the district court improperly admitted the breath alcohol card because the State failed to lay a proper foundation for that evidence. The State counters that Defendant failed to preserve the issue for appeal. *See* Rule 12-321(A) NMRA. We agree with the State. As Defendant points out, a foundational requirement for admission of breath alcohol cards is that the machine that was used to administer the breath test had been certified. *See State v. Onsurez*, 2002-NMCA-082, ¶ 13, 132 N.M. 485, 51 P.3d 528 (describing several requirements of certification including annual inspection of the machine, agency maintenance of adequate records, and weekly calibration checks by the agency using the machine). Defense counsel objected to the admission of the breath alcohol card stating, "When the officer testified earlier, he testified that he entered the wrong identification into the system. Therefore, I don't believe he can certify that that's correct . . . [that is] enough of a user error for the machine not to be valid. You have to enter the right information." The district court did not understand this objection as a challenge to foundation—specifically, to the certification of the machine itself—and neither do we. *See id.* In support of the objection, defense counsel did not explain how the officer's failure to input the certification number could have impacted the certification of the machine. *See id.* ¶ 14. Because Defendant failed to preserve the issue of foundation for appeal by failing to timely object to the certification of the machine, depriving the district court of the opportunity to rule on such a challenge, *see id.*, and because Defendant does not argue that the claimed error was plain or fundamental, we decline to address the merits. *See* Rule 12-321(A), (B); *see also State v. Begay*, 1998-NMSC-029, ¶¶ 21, 23, 125 N.M. 541, 964 P.2d 102.

## III. Cumulative Error

**{24}** Finally, Defendant contends that cumulative error resulted from the combined effect of an error in the open container jury instruction and the erroneous admission of the body camera footage and breath alcohol card. The doctrine of cumulative error only applies when there are multiple errors. *See State v. Salas*, 2010-NMSC-028, ¶ 39, 148 N.M. 313, 236 P.3d 32. Because Defendant has not persuaded us that any error occurred, the cumulative error doctrine does not apply.

## CONCLUSION

**{25}** We affirm.

**{26}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**