### DETERMINED IN THE

# SUPREME COURT

## OF THE STATE OF NEW MEXICO

### JANUARY TERM, 1913

[No. 1471, January 9, 1913.]

THE TERRITORY OF NEW MEXICO, Appellee, v. TELESFORO GALLEGOS and FELIX BORREGO, Appellants.

### SYLLABUS (BY THE COURT).

1. Any violent opening of a door or window for the purpose of entering and molesting the persons in possession of the house or building is sufficient to complete the offense made punishable by section 1161 R. S. 1897.—Held that an opening of four inches was sufficient.

2. Evidence of what was said and done by defendant a few hours before the attempted entrance, in the presence of prosecuting witness, was admissable, as tending to characterize the attempted entrance.

3. There was no error in permitting a witness to describe the condition of the door three or four days after the assault, where it had been shown by other evidence that the door was then in the same condition that it was immediately after the assault upon it.

4. The supreme court will not attempt to pass upon the sufficiency of the evidence to sustain the verdict, where it appears that the transcript does not contain all the evidence.

5. Defendants cannot complain of an erroneous instruction, which was favorable to them.

6. In order to take advantage of surprise, the surprised party must ordinarily ask for the needful postponement or continuance, to procure the required evidence and have ·been refused by the trial court.

7. If counsel fail to ask for an instruction which they think should be given, and on refusal of the court to give it, do not except, they can not take advantage of it on appeal.

Appeal from the District Court of Rio Arriba County.

J. H. CRIST, for Appellants.

The court erred in admitting the evidence of the prose-cuting witness as to the occurrences and conversations between her and defendant, Telesfor Gallegos.    Stephen's Dig. Ev. art. 2; 1 Greenleaf, secs. 51 and 52; 1 Wharton on Crim. Ev., pp. 41 to 44; 7 Am. Crim. Rep. 84; 15 Am. Crim. Rep. 497; 13 Am. Crim. Rep. 300, 312; 7 id. 58, 60; 7 id. 171, 174.

Where the evidence is so weak that a conviction would be attributable to passion or prejudice, the court should direct an acquittal.    People v. Barnes, 9 Pac. 532; State v. Cody, 19 Atl. ·908; State v. Daubert, 42 Mo. 242; Rey-nolds v. People, 41 How. Prac. 179; Pauli v. Com. 87 Pa. St. 432; Green v. State, 68 Ala 539; People v. Lew-don, 153 N. Y. 10.

Surprise is a familiar ground for a new trial, both in criminal cases and civil. Bishop's New Crim. Proc. vol. ...... ·sec. 1280; Dillingham v. State, 62 S. W. 919; McNeal v. State, 43 S. W. 792; State v. Webb, 55 Pac. 935; State v. Miller, 24 W. Va. 802; sec. 2992, C. L. 1897.

FRANK W. CLANCY, Attorney General, for Appellee.

The evidence was sufficient to sustain the charge of violently opening the door.    2 Bishop's Crim. Law, sec. 95.

There was no error in failing to instruct as to the law of the case.    Territory v. Caldwell, 14 N. M. 543; Ter-

ritory v. Gonzales, 14 N. M. 35; Territory v. Watson, 12 N. M. 420.

## OPINION OF THE COURT.

ROBERTS, C. J.—This appeal is prosecuted from a judgment of the District Court of Rio Arriba County, imposing a fine and jail sentence upon the appellants, for the violation of that portion of section 1161, R. S. 1897, which makes it an offense for any person, with violence to open any door, window or sash, for the purpose of entering and molesting the person or persons in possession of the house or building. The evidence on the part of the territory disclosed that the lower hinge of the door had been broken and the lower part of the door opened about four inches. There is evidence to show a violent assault upon the door by the appellants, but it is argued that because the statute says that the opening must be for the purpose of entering the house, it must be established that the opening made was sufficient to permit the entrance of the person making the attempt. To place this construction upon the meaning of the statute it appears to us would lead to absurd results, and would in all cases, where an actual entrance was not effected, require such mathematical accuracy in establishing the width of the opening and the size of the party making the attempt, that but few convictions could be secured. For instance, a very small opening would be sufficient to permit the entrance of a slim man, while a much larger one would be required for a stout man, and a case might be imagined where a very large person might not be able to enter, even though the door was wide open, and in that case, if appellant's contended construction is sound, no offense under this statute would be committed by a large man in opening the door in the prohibited manner and for the prohibited purpose. We are of the opinion that any violent opening of the door, for the purpose of entering and molesting the persons in possession of the house or building is sufficient to complete the offense.

The court permitted the prosecuting witness to testify, over objection, as to what was said and done by the ap-

pellant, Telesforo Gallegos during the afternoon, before
the offense was committed at night, admitting such tes-
timony, however, only as against said Gallegos, and cau-
tioning the jury that it was not evidence against the co-
defendant Borrego.    Appellants urge that this was
**2**   prejudicial error.  We think the evidence was prop-
erly admitted and that it was relevant for the purpose
of showing the intent with which the defendant Gallegos
acted in violently opening the door.  This evidence showed
the temper and disposition of Gallegos, toward Mrs. Sis-
neros, with whom he was talking and who drove him out
of the house and tended to characterize the act committed
later by him.

Error is also predicated upon the action of the lower
court in permitting Silviano Roybal, a witness called by
the territory, to testify as to the condition of the doors
of the house some three or four days after the com-
**3**   mission of the alleged offense.  Mrs. Sisneros testified
that the doors were in the same condition when ex-
amined by Roybal, as they were immediately after the
occurrence.  The condition of the doors, after the assault,
was a fact which was admissable in evidence.  The weight
of Roybal's testimony, in view of the time which had
elapsed, was for the jury to determine.  There was no
error, however, in permitting the evidence to go to the
jury.

It is next contended by appellants that the evidence was
not sufficient to sustain the verdict.  As a general rule
an appellate court will not undertake to pass upon the
weight of the evidence   It is sufficient, if there was com-
petent evidence, which if believed, would support the
**4**   verdict, but in order to obtain any review of the suf-
ficiency of the evidence, it is clear that all the evi-
dence should be brought up.  It appears that three wit-
nesses gave testimony, which is not set out in the record.
This being true this court will not undertake to review
the evidence.

Error is assigned upon instructions numbered 7 and
8 given by the court.  The instructions are as follows:
"7. That said defendants, each of them participating

in kicking and throwing stones at the doors of the house of Mauricio Sisneros, did thereby violently break the lower hinge of one of said doors and cause the lower portion of said door to be driven in and opened to the width of three or four fingers from its proper place. 8. That such assault, if made, was made for the purpose of entering said house and molesting the wife of Mauricio Sisneros, Manuela Trujillo de Sisneros." These instructions were given by the court, in conjunction with other instructions, preceding and following, setting out the material allegations of the charge against the defendants and what the state must prove beyond a reasonable doubt in order to justify a conviction. It is true, as urged by appellants, that the court, by instruction number 7 told the jury that if the door was opened three or four fingers, and all the other elements were present and established, that the defendants would be guilty, but there was no error in this, as we have heretofore stated that any opening of the door, accomplished in the prohibited manner, is sufficient. It is further contended that this paragraph states facts which were shown only by the evidence, as a material allegation of the indictment. It sets out in effect that it must be established beyond a reasonable doubt that the breaking of the door was caused by kicking and throwing stones. This portion of the instruction was of course technically incorrect, because any violent opening of the door, however brought about, was sufficient, but the defendants can not complain of this defect because it was favorable to them, by limiting the opening to the specific ways indicated.

The objection urged against instruction number 8 is that it imposed upon the prosecution the burden of establishing beyond a reasonable doubt no more than, "that such assault was made for the purpose of entering said house and molesting, etc." It is urged that this was misleading because the assault is not the offense denounced by the statute, but the violent opening of the door for the purpose of entering. If this instruction stood alone, unconnected with anything else, there would be some plausibility in this argument, but the preceding paragraph

describes the assault and the violent. breaking, and this instruction refers to what immediately precedes and includes the whole of it. The offense had been therefore clearly defined by the court and the jury could not have been misled by this paragraph, when considered with the other instructions given in connection with it.

Appellants also allege error, upon the action of the court, in overruling their motion for a new trial, and especially urge the ground therein set forth to the effect that they were surprised by the evidence adduced on the part of the territory, and that they did not have an opportunity to procure witnesses to combat such testimony. Our attention is called to sec. 1280, Bishop's New Criminal Proc., wherein the author says: "Surprise is a familiar ground for a new trial, both in criminal cases and in civil," but the same author further on in the same section says, "ordinarily the surprised party must have asked for the needful postponement or continuance to procure the required evidence, and have been refused." It does not appear that the appellants asked for any delay or continuance, to enable them to procure witnesses to combat the testimony which surprised them, or that any such suggestion was made to the court. And, as said by the territorial supreme court in the case of Duncan v. Holder, et al., 15 N. M. 323, "There is hardly a better established rule of practice, or one more uniformly adhered to by this court, than that the granting or refusal of a motion for a new trial, being addressed to the sound discretion of the trial court, will not, unless it plainly appears that such discretion has been abused, be reviewed on appeal."

Appellants also urge that the court erred in failing to instruct the jury as to the competency of defendants as witnesses in their own behalf, and also in failing to instruct as to what constituted an assault upon a house, but the record fails to disclose that defendants asked or requested the court to instruct the jury upon either of the questions, or took any exceptions to the failure to so instruct, and consequently, even if such instructions should have been given, they have lost all right to object

now to the failure. See Territory v. Caldwell, 14 N. M. 543, and authorities there cited.

Finding no error in the record the judgment of the lower court is affirmed, and it is so ordered.