2005-NMCA-125

122 P.3d 855

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Laverne WATCHMAN, Defendant–
Appellant.**

**No. 23,997.**

Court of Appeals of New Mexico.

Sept. 23, 2005.

Certiorari Denied, No. 29,489, Nov. 4, 2005.

Patricia A. Madrid, Attorney General, Joel Jacobsen, Assistant Attorney General, Albuquerque, NM, for Appellee.

John Bigelow, Chief Public Defender, Steven J. Potter, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

*OPINION*

ROBINSON, Judge.

{1} Laverne Watchman (Defendant) appeals the judgment and sentence of the district court convicting her after a jury trial of one count of child abuse not resulting in

death or great bodily harm. On appeal, Defendant contends that (1) Jury Instruction No. 2, instructing the jury on the offense of negligent child abuse, was erroneous; (2) the district court erroneously allowed Lieutenant Mangum to offer lay opinion testimony; and (3) the evidence was insufficient to support a conviction for negligent child abuse. We affirm.

## I. *SUFFICIENCY OF THE EVIDENCE*

{2} Defendant contends that there was insufficient evidence to convict her of child abuse. In analyzing sufficiency of the evidence issues, the inquiry is whether substantial evidence exists of either a direct or circumstantial nature to support a verdict of guilty beyond a reasonable doubt with respect to each element of a crime charged. *State v. Apodaca,* 118 N.M. 762, 765–66, 887 P.2d 756, 759–60 (1994). " 'A reviewing court must view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict.' " *State v. Reyes,* 2002–NMSC–024, ¶ 43, 132 N.M. 576, 52 P.3d 948 (quoting *State v. Sutphin,* 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988)). The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict. *State v. Mora,* 1997–NMSC–060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

{3} In order to find Defendant guilty of child abuse not resulting in death or great bodily harm, the State was required to prove beyond a reasonable doubt to the satisfaction of the jury that (1) Defendant caused the child to be placed in a situation which endangered the life or health of the child; (2) Defendant acted with reckless disregard, and to find Defendant acted with reckless disregard, the jury must find that Defendant's willful conduct created a substantial and foreseeable risk, Defendant disregarded that risk, and was wholly indifferent to the consequences of her conduct and the welfare and safety of the child; (3) the child was under the age of eighteen; and (4) this happened in New Mexico on or about July 22, 2001. *See* UJI 14–604 NMRA 2002.

{4} The State presented evidence that on July 22, 2001, early Sunday morning, at about 1:30 a.m. in McKinley County, Defendant appeared to be intoxicated and left her twenty-one-month-old child alone and asleep on the seat of her truck with the windows slightly opened in the parking lot of Cowboy's Saloon. Saturday night is usually the busiest night of the week for Cowboy's with approximately 200–240 people in the bar that night. There were frequent fights, vandalism, and loitering in the parking lot of Cowboy's. The child was holding a bottle of spoiled milk, the child smelled foul, and there were extensive amounts of empty beer and other alcohol containers in the interior of the truck. When Defendant approached the police, who were investigating the condition of the child, she expressed concern about the condition of her truck, rather than her child. At that time, the officer noticed the odor of alcohol on Defendant's breath, her eyes appeared watery and bloodshot, she staggered when she walked, and she had slurred speech.

{5} In light of the evidence presented, it is not unreasonable for the jury to have determined that Defendant was guilty of one count of child abuse. The child was placed in a dangerous situation, which was created by Defendant because the child was in the cab of an unlocked truck, at approximately 1:30 a.m., in a high traffic area (Cowboy's parking lot, with approximately 200–240 people in the bar that night) unprotected and vulnerable to any passerby. "[C]hildren, who are often times defenseless, are in need of greater protection than adults." *State v. Lucero,* 87 N.M. 242, 245, 531 P.2d 1215, 1218 (Ct.App. 1975). Furthermore, it is reasonably foreseeable that the child could have climbed out of the truck and wandered about the busy parking lot endangering himself by encountering an unsuspecting driver or rowdy patrons. *See State v. McGruder,* 1997–NMSC–023, ¶ 37, 123 N.M. 302, 940 P.2d 150 (1997) (holding that to support a conviction for child abuse, there must be reasonable probability or possibility that the child will be endangered); *see also State v. Ungarten,* 115 N.M. 607, 609, 856 P.2d 569, 571 (Ct.App.1993). Also, according to Defendant's brief-in-chief,

Defendant's truck was parked in Cowboy's parking lot no longer than thirty minutes and Defendant was not allowed to enter the bar because she was drunk. The officer noticed alcohol on Defendant's breath, her eyes were watery and bloodshot, she staggered when she walked, and she had slurred speech. All this indicates that Defendant drove to Cowboy's drunk with the child in the truck. Also, but for the interaction by the authorities, it is highly probable that Defendant was going to drive away with the child in the same state of intoxication, placing the child in an additional dangerous situation. *See, e.g., State v. Castañeda,* 2001–NMCA–052, ¶¶ 21–22, 130 N.M. 679, 30 P.3d 368 (upholding a conviction for criminally negligent child abuse when the accused drove in an intoxicated condition with her children in the car).

{6} In both *McGruder* and *Ungarten,* our appellate courts have held that the children involved were situated directly in the line of physical danger and, in *Castañeda,* this Court held that the facts supported a finding that the defendant acted with reckless disregard for the safety of her children by placing them in a situation "that *may* cause harm." 2001–NMCA–052, ¶ 17, 130 N.M. 679, 30 P.3d 368.

{7} Here, Defendant placed her child directly in the path of danger because evidence was presented that Cowboy's parking lot was a dangerous place because there were frequent fights and police were called out there occasionally. Additionally, since it was highly probable that Defendant was driving drunk, our case is indistinguishable from *Castañeda,* in that Defendant acted with a reckless disregard for the safety of her child by placing him in a situation "that *may* [have] cause[d] harm" to him by possibly getting into an automobile accident. *Id.*

{8} Lastly, the fact that Defendant left her child in the truck, exposed to a variety of alcoholic beverages, perpetuated Defendant's disregard for her child's safety by exposing him to a substantial and foreseeable risk of the consumption of such easily accessible toxic spirits, thus endangering his health. Similarly, in *State v. Graham,* 2005–NMSC–004, 137 N.M. 197, 109 P.3d 285, our Supreme Court held that evidence of a marijuana roach that was found on the floor and a marijuana bud that was found in the crib in the master bedroom was sufficient to support a finding that defendant caused the children to be placed in a situation that may have endangered their life or health and did so with a reckless disregard as required to support a child abuse conviction. Here, the child was left in the truck with numerous varieties of alcohol (thirty-one beers, a bottle of Garden Deluxe, and a half-full bottle of Goldschlager), which were easily accessible to the child. The jury need not speculate, nor be advised, of the dangers of the common knowledge effects of alcohol poisoning. *See State v. Privett,* 104 N.M. 79, 82, 717 P.2d 55, 58 (1986) ("[I]t is well recognized that laymen are capable of assessing the effects of intoxication as a matter within their common knowledge and experience.").

{9} "The jury, as the trier of fact, was entitled to weigh this evidence." *State v. Hunter,* 101 N.M. 5, 7, 677 P.2d 618, 620 (1984). We, therefore, hold that a rational jury could have relied on the foregoing evidence to satisfy each element of the child abuse instruction and, as stated in *Hunter,* "[t]his Court will not substitute its determination for that of the jury." *Id.*

## II. *JURY INSTRUCTION*

{10} Defendant contends that it was fundamental error for the district court to give the child abuse instruction when (1) it failed to instruct the jury correctly on the criminally-negligent intent required for the offense of negligent abuse of a child because the court refused Defendant's proposed alteration of the jury instruction defining reckless disregard as not being extreme carelessness; (2) the instruction misdirected the jury as to the intent element, improperly mixing objective and subjective standard of proof; (3) the jury was not sufficiently instructed on the law on what was a foreseeable risk to Defendant; and (4) the jury should have been instructed that the State had the burden to prove Defendant had a subjective awareness of the risk of serious injury to her child. We disagree.

{11} "The propriety of jury instructions given or denied is a mixed question of law and fact. Mixed questions of law and fact are reviewed de novo." *State v. Salazar,* 1997–NMSC–044, ¶ 49, 123 N.M. 778, 945 P.2d 996. We must also determine whether a reasonable juror would have been confused or misled by the instruction. *State v. Benally,* 2001–NMSC–033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. "Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction." *State v. Cunningham,* 2000–NMSC–009, ¶ 13, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted).

{12} The district court offered the State's proposed jury instruction on the elements of child abuse. The instruction stated that (1) Defendant caused the child to be placed in a situation which endangered the life or health of the child; (2) Defendant acted with reckless disregard, and to find Defendant acted with reckless disregard, the jury must find that Defendant's willful conduct created a substantial and foreseeable risk, Defendant disregarded that risk, and Defendant was wholly indifferent to the consequences of the conduct and the welfare and safety of the child; (3) the child was under the age of eighteen; and (4) this happened in New Mexico on or about July 22, 2001. It differed from UJI 14–604 by omitting "knew or should have known" and inserting the word "willful."

{13} During the jury conference, Defendant's attorney agreed with the State's substitution of "willful." Thus, an instruction concerning negligent criminal intent becomes moot because "willful" overstated the State's burden of persuasion, which benefitted the Defendant. "[T]o allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice." *State v. Young,* 117 N.M. 688, 690, 875 P.2d 1119, 1121 (Ct.App.1994). Therefore, fundamental error has no application where Defendant, by her own actions, invites the error. *See State v. Handa,* 120 N.M. 38, 46, 897 P.2d 225, 233 (Ct.App.1995).

{14} Further, "knew or should have known" was an element that was omitted from the jury instruction. However, replacing "knew or should have known" with "willful," not only adequately addressed the omitted language, but benefitted Defendant because it increased the State's burden to prove Defendant knew her actions constituted an unlawful act. Our Supreme Court recognized such a rationale in *Territory v. Gallegos,* 17 N.M. 409, 413, 130 P. 245, 247 (1913), where they held that "defendants cannot complain of this defect because it was favorable to them." *See Territory v. Salazar,* 3 N.M. 321, 325–26, 5 P. 462, 464 (1885) ("[T]he giving to the jury an instruction as to murder in the second degree was more favorable to the defendant than the evidence in the case warranted. It was, therefore, if error at all, such error as was not prejudicial to him, and of which consequently he has no right to complain."). Applying principles, we hold that a reasonable jury would not have been confused or misdirected by the proffered jury instruction and that fundamental error did not occur.

{15} Alternatively, Defendant's proposed alteration, defining reckless disregard as not being extreme carelessness, misstates the law. In *State v. Armijo,* 1999–NMCA–087, ¶ 24, 127 N.M. 594, 985 P.2d 764, this Court recognized "that there are a host of cases standing for the proposition that the uniform jury instructions and use notes are to be followed without substantial modification." Defendant's proposed alteration, defining "reckless disregard" as not being extreme carelessness, is not in the applicable Uniform Jury Instructions. Moreover, the definition of "reckless disregard" as incorporated into UJI 14–604 is taken directly from case law that does not include Defendant's proposed language. Therefore, we agree with the district court's decision not to add Defendant's proposed language because "[i]t is not error for a trial court to refuse instructions which are inaccurate." *State v. Gaitan,* 2002–NMSC–007, ¶ 17, 131 N.M. 758, 42 P.3d 1207 (internal quotation marks and citation omitted).

{16} Defendant also contends that the jury instruction fails to advise on the law

of what a foreseeable risk is to Defendant in the context of tort liability. She contends the jury was not provided with any guidance as to how she might disregard a risk of which she might not be subjectively aware, *i.e.*, the dangerousness of Cowboy's parking lot.

{17} We find that Defendant's subjective awareness of the reputation of Cowboy's parking lot is irrelevant because it was undisputed that Defendant was intoxicated, left her twenty-one-month-old child with spoiled milk, and access to alcohol in the cab of her pickup truck unattended, in the parking lot of a bar late on a Saturday night (early Sunday morning). As earlier discussed, this evidence independently involves Defendant's willful disregard of her child's safety, regardless if she parked in Cowboy's parking lot or elsewhere. Alternatively, a reasonable person in Defendant's position would have been aware of the risks involved in becoming impaired and leaving her child unsupervised in a bar parking lot near closing time. Assuming, without deciding, that Defendant's subjective awareness was a proper matter for the jury to consider, it was considered. Thus, as we held in *State v. Vialpando*, 93 N.M. 289, 292, 599 P.2d 1086, 1089 (Ct.App. 1979), "[i]t is for the trier of fact to determine the weight and sufficiency of [this] evidence, including all reasonable inferences." Therefore, since Defendant was convicted under the higher burden of "willfulness," there is no doubt there was sufficient evidence to demonstrate Defendant's awareness and the risk to the child's safety and her disregard of the consequences.

### III.   *LAY OPINION TESTIMONY*

{18} On appeal, Defendant also contends that the district court erroneously allowed Lieutenant Mangum of the Gallup Police Department to offer lay opinion testimony. This Court "review[s] the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998–NMSC–022, ¶ 20, 125 N.M. 511, 964 P.2d 72. However, under Rule 12–216(A) NMRA 1996, an issue may not be raised for the first time on appeal. Review of the record indicates that Defendant did not raise any objection concerning the lay opinion testimony of Lieutenant Mangum, nor did she claim fundamental or plain error here. We, therefore, may not address this issue because "[i]t is ... trial counsel's duty to state ... objections so that the trial court may rule intelligently on them and so that an appellate court does not have to guess at what was and what was not an issue at trial." *State v. Lucero*, 116 N.M. 450, 453, 863 P.2d 1071, 1074 (1993).

### IV.   *CONCLUSION*

{19} For the reasons stated herein, we hold that the district court properly denied Defendant's requested jury instruction. We also hold that the evidence was sufficient to support the conviction. Therefore, we affirm.

{20} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and MICHAEL E. VIGIL, Judges.