OPINION GARCIA, Judge. {1} Samantha Garcia (Defendant) appeals her conviction for negligent child abuse by endangerment pursuant to NMSA 1978, Section 30-6-l(D)(l) (2009). She raises three claims of error, arguing that she was denied a fair and impartial jury when the district court placed limitations on her questioning of prospective jurors during voir dire, that she was entitled to a lesser-included offense instruction on abandonment of a child, and that the district court erred in denying her motion for a directed verdict on the child abuse charge. We address only the motion for directed verdict and conclude that the evidence was insufficient to support Defendant’s conviction. We reverse. BACKGROUND {2} Based on the following evidence, a jury convicted Defendant of one count of negligent child abuse by endangerment and one count of possession of drug paraphernalia. On May 15, 2010, Defendant’s neighbor (Neighbor) found Defendant’s three-year-old boy (Child) wandering around outside their apartment building at 2:00 a.m. 'Child was wearing only a dirty diaper. He was crying and cold. There was no way to tell where Child had wandered after he left his home, nor was it possible to tell how long Child had been wandering outside. The apartment building was located in a high-crime area, and there was a busy parking lot, alley, and street nearby. {3} Neighbor asked Child where he lived, and he pointed toward the apartment where he and Defendant lived. The door to Defendant’s apartment was ajar when Neighbor returned Child home. Neighbor called inside the apartment, but no one responded. She entered the apartment, changed the child’s diaper, put him to bed, and called the police. Defendant’s apartment was filled with empty beer cans, vodka bottles, and other trash, and there was vomit on the floor. There was a marijuana pipe on the dining room table, along with a small burnt portion of a marijuana cigarette, and a knife in the bedroom. {4} After calling the police, Neighbor found Defendant asleep in another bedroom of the apartment. Neighbor attempted to rouse Defendant by nudging her repeatedly and telling her that her baby had been outside. Defendant responded, “It’s ok,” and did not getup. Neighbor believed that Defendant was intoxicated. When the police arrived, Defendant admitted that she had gotten high and drunk. {5} Defendant did not testify and called no witnesses on her behalf. After the close of the State’s evidence, Defendant moved for a directed verdict on the charge of negligent abuse by endangerment. Defendant argued that State v. Chavez, 2009-NMSC-035, 146 N.M. 434, 211 P.3d 891, required the State to prove beyond a reasonable doubt that the risk to Child was foreseeable and that it was probable to cause serious harm to Child. Defendant argued that the State failed to meet this burden of proof because it produced no evidence to show that Child had been in a direct line of harm or otherwise exposed to anything more than a mere possibility, rather than a probability, of danger. Defendant further noted that nothing in the State’s evidence indicated that Defendant’s intoxication contributed to Child’s episode of wandering outside the apartment. The district court denied Defendant’s motion. Defendant timely raised her appeal with this Court. STANDARD OF REVIEW {6} To review a district court’s denial of a motion for directed verdict, we must determine whether sufficient evidence was adduced to support the underlying charge. State v. Sena, 2008-NMSC-053, ¶ 10, 144 N.M. 821, 192 P.3d 1198. The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction. When considering the sufficiency of the evidence, this Court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence. Instead, we view the evidence as a whole and indulge all reasonable inferences in favor of the jury’s verdict while at the same time asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. (emphasis, alteration, internal quotation marks, and citations omitted). DISCUSSION {7} The district court determined that the State had presented a prima facie case of child abuse by endangerment and submitted this theory to the jury, denying Defendant’s motion for directed verdict. Child abuse by endangerment, a third degree felony, occurs when an adult knowingly, intentionally, or negligently places a child “in a situation that may endanger the child’s life or health.” Section 30-6-l(D)-(E). Defendant argues on appeal that the evidence was insufficient to support her conviction because the State failed to prove that the risk to Child was foreseeable and probable. {8} In this case, the State argued that Defendant’s intoxication was criminally negligent because it left Child without adequate supervision. See State v. Schoonmaker, 2008-NMSC-010, ¶ 44, 143 N.M. 373, 176 P.3d 1105 (explaining that the child endangerment statute “evinces a legislative intent to use the concept of criminal negligence ... as the standard for negligent child abuse”). A defendant is criminally negligent, if she “knew or should have known of the danger involved and acted with a reckless disregard for the safety or health of the child.” Section 30-6-l(A)(3). Thus, the State had the burden to prove beyond a reasonable doubt that Defendant’s intoxication caused Child to be placed in a situation that endangered Child’s health or safety, that Defendant knew or should have known of the danger that would result from her intoxication, and that Defendant nonetheless chose to disregard the risk and acted with reckless disregard for the safety or health of her child. Id.', see Chavez, 2009-N1VISC-035, ¶ 22 (requiring the prosecution, in order to support a conviction pursuant to S ection 30-6-1 (D)(1), to prevent evidence which establishes that a defendant’s conduct “created a substantial and foreseeable risk of harm” (emphasis, internal quotation marks, and citation omitted)). The State contends that it met this burden by simply presenting evidence that Defendant was intoxicated on the night in question and that Child was found in the middle of the night wandering outside the apartment building on his own. The State argues that this evidence was sufficient to demonstrate that Defendant was too intoxicated to adequately supervise Child after “Defendant’s actions . . . placed [Child] directly in a zone of danger.” {9} On three occasions, this Court has upheld a parent’s conviction for negligent child abuse based on evidence of inadequate child supervision involving intoxication or substance abuse. State v. Schaaf, 2013-NMCA-082, ¶ 18, 308 P.3d 160 (holding that the defendant’s admission to the danger presented by a combination of serious risks apparent in the children’s living environment along with the defendant’s “compromised state” arising from ongoing methamphetamine use provided sufficient evidence to prove “an ongoing and pervasive zone of imminent danger” such that it constituted criminal child endangerment); State v. Chavez, 2007-NMCA-162, ¶¶ 3, 11, 143 N.M. 126, 173 P.3d 48 (holding that there was sufficient evidence to find the defendant guilty of child abuse where evidence indicated that she was high on methamphetamine, “placed [her c]hild in a sleeping arrangement that was highly and obviously dangerous to an infant and then completely failed to monitor [her child]”); State v. Watchman, 2005-NMCA-125, ¶ 5, 138 N.M. 488, 122 P.3d 855 (holding that there was sufficient evidence to find the defendant guilty of child abuse when she drove drunk to a bar with her child and then left the child in a dangerous parking lot alone). In all of these cases, the defendants failed to provide supervision of their children after placing them in dangerous situations where parental supervision was necessary. See Schaaf, 2013-NMCA-082, ¶ 17 (“[T]he evidence supports a rational inference that [the defendant’s] judgment was highly impaired in the presence of substantial risks of harm to the children and that [the djefendant had not secured and would not secure the substantial risks from the children.”); Chavez, 2007-NMCA-162, ¶ 11 (“[The defendant testified that she knew [her c]hild could fall off the bed if left alone, and agreed it was important to check on him, especially since he was sick.”); Watchman, 2005-NMCA-125, ¶ 5 (“The child was placed in a dangerous situation, which was created by [the djefendant because the child was in the cab of an unlocked truck, at approximately 1:30 a.m., in a high traffic area ([the bar’s] parking lot, with approximately 200-240 people in the bar that night) unprotected and vulnerable to any passerby.”). {10} We conclude that these cases are distinguishable because, in all three cases, there was specific evidence of antecedent conduct by the parent that placed the child in a dangerous situation and in the direct line of danger. See State v. Gonzales, 2011-NMCA-081, ¶ 20, 150 N.M. 494, 263 P.3d 271 (“[Ejndangerment is something that exists as an antecedent to any harm that might befall a child.”), aff’d on other grounds, 2013-NMSC-016, 301 P.3d 380.In the present case, we see no evidence in the record which indicates that Defendant’s act of falling asleep in her apartment bedroom intoxicated, or any subsequent failure to act, created a substantial and foreseeable risk of harm directed to Child. Id. ¶ 18 (“[B]y classifying child endangerment as a third-degree felony, our Legislature anticipated that criminal prosecution would be reserved for the most serious occurrences, and not for minor or theoretical dangers.” (internal quotation marks and citation omitted)). “The risk cannot be merely hypothetical, as the child must be physically close to an inherently dangerous situation of the defendant’s creation.” Id. ¶ 21 (emphasis added)). The foreseeability of danger must be “directed toward the child[].” Id. ¶ 20. {11} The evidence presented by the State during trial was only sufficient to establish that Defendant was intoxicated when she fell asleep in her bedroom on the night in question. Factually, this particular event of falling asleep did not create a foreseeable risk of danger directed toward Child. We note that Defendant’s behavior was not admirable. But the record only establishes that Child wandered outside while Defendant was asleep at 2:00 a.m. It would be speculation to consider whether Child attempted to rouse Defendant before leaving the apartment, whether Child opened the door to the apartment himself, or whether any other action or inaction could be attributed to Defendant as creating a substantial and foreseeable risk of harm to Child on the night in question. See Schaaf, 2013-NMCA-082, ¶ 12 (“Another important factor is [the defendant's recognition and admission regarding the serious nature of the real risks of harm present in the house and the potential injury or death that the children were exposed to there.”); State v. Hughey, 2007-NMSC-036, ¶ 13, 142 N.M. 83, 163 P.3d 470 (noting that without evidentiary support, the jury would be improperly left to speculate about the issue presented). “[NJegligent child abuse is no accident” and any such reference is “a clear misstatement of the law.” Gonzales, 2011-NMCA-081, ¶ 26 (internal quotation marks and citation omitted). A jury must draw its reasonable conclusions from the evidence produced at trial; it must not be left to speculate in the absence of such proof. State v. Trossman, 2009-NMSC-034, ¶ 24, 146 N.M. 462, 212 P.3d 350. Simply falling asleep intoxicated in a separate bedroom is not enough to establish child endangerment. {12} The State failed to connect Child’s ability to wander out of the apartment with Defendant’s intoxication or otherwise prove that Defendant acted or failed to act with any resulting foreseeable risk that endangered Child’s life or health. See Gonzales, 2011-NMCA-081, ¶ 20 (“[Pjlacing a child in a dangerous situation and in the direct line of danger, however briefly, must precede the injury that is likely to result from that danger.”). We recognize that Defendant’s intoxication may have caused some potential or speculative risk to Child, despite being in the security of their residence for the night. As it turned out, Child wandered outside in the middle of the night, an unsafe and potentially dangerous situation. However, this Court does not measure endangerment by the resulting injury; it is measured by the antecedent foreseeability of the actual risk of substantial harm to the child. State v. Webb, 2013-NMCA-027, ¶ 22, 269 P.3d 1247 (“No one could have foreseen that [the child] would have or develop an allergy to penicillin, which would complicate her treatment. [The defendant cannotbe convicted for child abuse for failing to perceive a risk ... of which nobody was aware.”), cert. denied, 2013-NMCERT-002, 300 P.3d 132; Gonzales, 2011-NMCA-081, ¶ 20 (“Since it is the endangerment and not the resulting injury that constitutes the offense, there must be an actual or imputed foreseeability of danger directed toward the children who might be injured as a result of [the d]efendant’s acts.”). The record is completely devoid of evidence indicating that Defendant’s voluntary intoxication created the situation in which her unsupervised child would foreseeably leave the apartment at 2:00 a.m. and be vulnerable to a substantial risk of injury. Webb, 2013-NMCA-027, ¶ 23 (“The [prosecution] did not present sufficient evidence from which a jury could find that [the defendant’s conduct created a substantial and foreseeable risk of serious harm to [the child].”); Chavez, 2009-NMSC-035, ¶ 37 (“The problem ... is the lack of any specific evidence connecting these conditions to a substantial and foreseeable risk of harm.”). {13} We realize that the evidence established that Defendant was engaged in the use of alcohol and illegal drugs. Defendant was negligent when she became intoxicated. It is both imprudent and generally negligent to use drugs and alcohol while being responsible for a child. But we refuse to hold that a defendant who gets intoxicated and falls asleep in the same apartment as her child, with nothing more, is criminally negligent. See Webb, 2013-NMCA- 027, ¶ 22 (“The risk must be of such a nature and degree that the actor’s failure to perceive it, . , . involves a gross deviation from the standard of care that a reasonable person would observe in the actor’s situation.” (internal quotation marks and citation omitted)); State v. Massengill, 2003-NMCA-024, ¶ 45, 133 N.M. 263, 62 P.3d 354 (“Our Supreme Court has determined that the child abuse statute contains no indication that the [Legislature intended felony punishment to attach to ordinary negligent conduct.” (internal quotation marks and citation omitted)). We, as a society, cannot punish parents under a theory of strict liability for every imaginable error in judgment, even if a child is injured. “[I]f imprudent and possibly negligent conduct were sufficient to expose a care giver to criminal liability for child endangerment, undoubtedly the majority of parents in this country would be guilty of child endangering — at least for acts of similar culpability.” Id. ¶ 46. {14} In this case, the limited evidence merely showed that Defendant did not wake up when Child awoke and wandered out of their apartment late at night. There was no evidence that Defendant “acted with reckless disregard, . . . created a substantial and foreseeable risk, . . . [and] was wholly indifferent ... to the welfare and safety of [Child].” The State failed to establish \any connection between Defendant’s intoxication and Child’s act of wandering out of the apartment on the night in question. We do not condone Defendant’s behavior, but based on the undeveloped factual circumstances in this specific case, we cannot hold Defendant criminally negligent. Our review of the record leads us to conclude that Defendant’s conviction for child abuse by endangerment is not supported by substantial evidence and must be reversed. CONCLUSION {15} For the foregoing reasons, we reverse Defendant’s conviction for child abuse by endangerment and remand to the district court for proceedings consistent with this Opinion. We need not address Defendant’s remaining contentions of error. {16} IT IS SO ORDERED. TIMOTHY L. GARCIA, Judge JONATHAN B. SUTIN, Judge, (specially concurring) MICHAEL E. VIGIL, Judge, (dissenting)