This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 32,778**

**GEOFFREY PADILLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Hector H. Balderas, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Appellee

The Appellate Law Office of Scott M. Davidson
Scott M. Davidson
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant Geoffrey Padilla appeals from the district court's judgment in an on-record appeal, affirming the metropolitan court's sentencing order entered upon the

conviction of Defendant for DWI under NMSA 1978, Section 66-8-102(C) (2010). Defendant raises three issues on appeal: (1) the metropolitan court improperly excluded expert testimony, (2) the metropolitan court improperly admitted the breath test results, and (3) Defendant's conviction is not supported by substantial evidence. We are not persuaded by Defendant's arguments and affirm.

**BACKGROUND**

{2} Defendant was arrested on June 11, 2008, and charged with DWI and failure to maintain a traffic lane. He was tried before a jury on February 24, 2009, and February 25, 2009. At the trial, Officer Jay Schwartz testified that around 11:30 p.m. on July 23, 2008, he observed Defendant's vehicle driving ahead of him. Officer Schwartz testified that Defendant's vehicle veered into the adjacent lane three times, nearly striking another vehicle. Officer Schwartz initiated a traffic stop. He noticed that Defendant had bloodshot, watery eyes and emitted an odor of alcohol. Defendant told Officer Schwartz that he had consumed one beer.

{3} Officer Schwartz asked Defendant if he would agree to perform field sobriety tests and Defendant agreed to do so. Defendant was only successful in completing one of the three field sobriety tests he was asked to perform. Defendant was placed under arrest and agreed to submit to a breath alcohol test.

{4} During the State's direct examination of Officer Schwartz, the State moved to admit the results of Defendant's breath alcohol test and the court reserved ruling on the motion. When the State rested its case, the court had not yet ruled on the State's motion to admit the breath alcohol results.Defendant moved for a directed verdict based on the State's failure to have the results admitted into evidence.

{5} Arguments on the motion were heard outside the presence of the jury. The court denied Defendant's motion and admitted the evidence. The court read the results into the record and advised the parties that it would read the breath alcohol results to the jury as well. There were no objections. The court read the results of the breath alcohol test to the jury, and defense counsel did not object.

{6} Defendant attempted to challenge the reliability of the breath alcohol test through an expert witness, Dr. Reyes.The court qualified Dr. Reyes as an expert in pharmacology and pharmakokinetics (the absorption of substances into the human body). Part way through Dr. Reyes' testimony a recess was called. During a private bench conference defense counsel stated his intention to question the witness about the possible effects of contaminants on the breath alcohol test results. The court pointed out that it had not qualified Dr. Reyes as an expert in that area. There is nothing in the record to indicate that defense counsel objected to the court's limitation on Dr. Reyes' expert witness testimony, nor did defense counsel present any argument

or authority as to why Dr. Reyes should be allowed to testify as an expert on the possible effects of contaminants on the breath alcohol test results.

{7}    The court stated that it would be appropriate for Dr. Reyes to give a lay opinion based on his experience with the breath alcohol testing machine if a curative instruction was given to the jury distinguishing Dr. Reyes' expert opinion from his lay opinion. Defense counsel did not object. When defense counsel questioned Dr. Reyes about contaminants, he stated "I am asking as a lay opinion, not an expert opinion." After Defendant rested his case, the court and the parties discussed giving the jury a curative instruction concerning Dr. Reyes' lay opinion.

{8}    The court proposed the following language for the instruction: "You are to consider Dr. Reyes' testimony regarding any effect contaminants may have had on the breath alcohol test as a lay opinion only." Defense counsel stated that he had no problem with the court's proposed instruction, but that it would be better to give the jury the uniform instructions for lay and expert witness testimony. The court noted that counsel could have requested the expert witness instruction previously, but did not do so. The court further stated that it would not delay the proceedings to allow time to prepare the expert and lay witness instructions and that it would give the curative instruction as proposed.Defense counsel did not object to the court's ruling, and did not object when the instruction was given.

{9} Defendant was convicted of *per se* DWI and appealed to the district court. The district court affirmed Defendant's conviction and this appeal followed.[1]

**DISCUSSION**

{10} On appeal, Defendant argues that the trial court erred in prohibiting Dr. Reyes from testifying as an expert on the potential effect of contaminants on breath alcohol results, and in reading the results of the breath test to the jury. However, our review of the record reveals that Defendant did not raise any objections concerning these issues at trial, nor does he claim fundamental or plain error on appeal. We, therefore, decline to address Defendant's arguments on these points because "it is trial counsel's duty to state objections so that the trial court may rule intelligently on them and so that an appellate court does not have to guess at what was and what was not an issue at trial." *State v. Watchman*, 2005-NMCA-125, ¶ 18, 138 N.M. 488, 122 P.3d 855 (alterations, internal quotation marks, and citation omitted); *see* 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"); *State v. Gomez*, 1997-NMSC-006, ¶ 14, 122 N.M. 777, 932 P.2d 1 (stating "it is a fundamental rule of appellate practice and

[1]The State argues that this Court lacks jurisdiction to review the district court's disposition of an appeal from the metropolitan court. We recently rejected this argument in *State v. Carroll*, 2015-NMCA-034, 346 P.3d 416, *cert. granted*, 2015-NMCERT-001, ___ P.3d ___. To the extent that the State asks us to overrule *Carroll*, we decline to do so.

procedure that an appellate court will consider only such questions as were raised in the lower court." (alterations, internal quotation marks, and citation omitted)).

**Sufficiency of the Evidence**

{11}     Defendant contends that there is insufficient evidence to support his conviction for *per se* DWI. In resolving sufficiency of the evidence issues, we view the evidence "in the light most favorable to the verdict, we determine whether the evidence presented could justify, to a reasonable mind, a finding that each element of the crime charged was established beyond a reasonable doubt." *State v. Martinez*, 2002-NMCA-043, ¶ 9, 132 N.M. 101, 45 P.3d 41.

{12}     Section 66-8-102(C)(1) makes it unlawful for "a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle[.]" In this case, Officer Schwartz's testimony and the breath alcohol test provide sufficient evidence to support the jury's verdict. To the extent Defendant directs this Court to contrary evidence, "[i]n reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

Thus, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**CONCLUSION**

{13}     For the foregoing reasons we affirm.

{14}     **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**I CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**RODERICK T. KENNEDY, Judge (specially concurring).**

**KENNEDY, Judge (specially concurring).**

{15}    I concur in the result, because of the effect of Defendant's failure to meaningfully preserve error.  The restriction of Defendant's right to impeach the breath test machine, and the interference of the trial court with that right by insisting on an erroneous "curative" jury instruction misconstruing an expert's evidence as lay testimony was surely prejudicial error. Defendant, however, does not raise fundamental error, and I cannot find that Defendant's conviction based on the remaining evidence is sufficiently offensive to justice as to argue for reversal.

{16}    The defense notified the metropolitan court that, based on Defendant's testimony that he had used alcohol-based breath spray and mouthwash prior to his arrest, he intended to ask Dr. Reyes about the possible effects these things might have in contaminating a breath test. The district attorney conceded that this would be proper testimony. The district court catalogs the evidence of Dr. Reyes' qualifications in this area: a three day course on the IR 8000, including on the subject of chemical interference with the machine. Dr. Reyes testified that he had disassembled an IR 8000, and had participated in studies specifically directed at whether the IR 8000 could be affected by contaminants.  The metropolitan court held this experience to be insufficient, and stated that if Dr. Reyes would "like to give his lay opinion based on his experience with the machine, I think that's totally appropriate.  There might need

8

to be some type of curative instruction to the jury explaining that that opinion would be separate from the expert opinion you're trying to offer on the other areas." Defense counsel responded that he understood, and could help prepare such an instruction very quickly. The district court ruled that Dr. Reyes' opinion about contaminants was proper lay testimony as "rationally based on his perception." and suggests that there was no showing that "observations about the effect of contaminants . . . constitute 'scientific, technical, or otherwise specialized knowledge."

{17} In *State v. King*, 2012-NMCA-119, 291 P.3d 160, a case with an adequately developed record, including a proffer of Dr. Reyes' testimony on this very subject from the defense, *see* Rule 11-103(A)(2) NMRA (setting out the procedure for an offer of proof), we reversed a conviction where the trial court erroneously restricted expert testimony concerning possible interferents that could affect a breath test result *King*, Id. ¶ 23. ("Defendant was entitled to present expert testimony challenging the reliability of the Intoxilyzer 8000, and the expert's failure to examine the machine in question did not preclude his testimony"). The district court noted that in *King*, Dr. Reyes' qualifications were not challenged. It seems to have missed our holding in *State v. Anaya* "that the scientific reliability and functionality of the IR 5000 used to test [the d]efendant's breath is a foundational issue that is only subject to challenge

through expert testimony" 2012 -NMCA- 094, ¶ 22, 287 P.3d 956 [2] It would be fair to gather from this that no lay person can reasonably testify to an opinion as to what substance might confound a breath alcohol test, or how, and *Anaya* explicitly forbids it. The metropolitan judge in the case at bar only permitted Dr. Reyes to testify on this subject as a lay witness, and the district court agreed. This ruling was an abuse of discretion.

{18}     Lay testimony is not ever some lesser form of expert testimony that the trial judge can instruct a jury to distinguish from that of an expert if "based on scientific, technical, or specialized knowledge," Rule 11-701(C) NMRA. The metropolitan court seems not to have read Rule 11-701, *King,* or *Anaya*, else it would be plain that testimony about possible contaminants able to affect the result of a breath test for alcohol and how they would requires foundation is beyond a lay person's ability to perceive or interpret. *State v. Torres,* 2009 NMSC-010, ¶31, 127 N.M. 20, 976 P.2d 201, (noting the difference between the expertise required to observe the phenomenon of HGN, and the expertise to state the mechanism by which it occurred); *see also*, Rule 11-701, Cmt. Commentary, ("[L]ay witness testimony under this rule should not be based on 'scientific, technical[,] or other specialized knowledge'. If the witness

---

[2] The metropolitan judge specifically distinguished Dr. Reyes' expertise on the IR 5000 from his recent classes with the IR 8000 in consigning him to "lay" witness status.

testifies to such scientific, technical[,] or other specialized knowledge, then the admissibility of such testimony must be analyzed under Rule 11-702 . . . for expert testimony.") If Dr. Reyes was not qualified, he should not have been allowed to testify at all, and if he was, the ruling consigning his expertise to "lay" status was an abuse of discretion, and erroneous.

{19}     For the metropolitan court to suggest that Dr. Reyes' testimony could proceed as "lay testimony", and give a "curative" jury instruction was thus doubly erroneous, but amounts to unpreserved error, particularly in light of defense counsel's stating that he understood the ruling and would assist in preparing the "curative instruction." Unpreserved error allows for reversal only if fundamental error occurred. *State v. Cabezuela*, 2011-NMSC-041, ¶ 49, 150 N.M. 654, 265 P.3d 705. "[F]undamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." *State v. Cunningham*, 2000-NMSC-009, ¶ 13, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted). While I cannot agree on the issue of Dr. Reyes' testimony about contaminants, the sufficiency of the evidence precludes my concluding that fundamental error existed.

_____
                                              **RODERICK T. KENNEDY, Judge**