This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                      **No. 35,210**

**DANIEL SANDOVAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Defendant has appealed from convictions for criminal sexual penetration of a minor and criminal sexual contact of a minor. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** We previously set forth the pertinent background information and relevant principles of law in the notice of proposed summary disposition. We will avoid undue reiteration here and focus instead on the content of the memorandum in opposition.

**{3}** First, Defendant renews his challenge to the sufficiency of the evidence to establish his identity as the perpetrator of the crimes. [MIO 6-8] As we previously observed in our notice of proposed summary disposition, "identification does not absolutely require in-court identification by a witness; it can be inferred from facts and circumstances that are in evidence." *State v. Jimenez*, 2003-NMCA-026, ¶ 8, 133 N.M. 349, 62 P.3d 1231, *rev'd in part on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461. In this case, the victim identified Defendant as the perpetrator in the course of her preliminary hearing testimony, and a victim advocate confirmed that Defendant was the same person the victim had pointed out. [MIO 4-5] This supplies ample support for the element of identity. *See generally State v. Soto*,

2007-NMCA-077, ¶ 11, 142 N.M. 32, 162 P.3d 187 ("Evidence of a direct or circumstantial nature is sufficient if a reasonable mind might accept the evidence as adequate to support a conclusion." (alteration, internal quotation marks, and citation omitted)). We therefore reject Defendant's first assertion of error.

{4} Second, Defendant continues to argue that the district court erred in admitting the preliminary hearing testimony of the victim. [MIO 8-16] As we previously observed in our notice, the district court admitted this evidence pursuant to Rule 11-804(B)(1) NMRA. [RP 88] Defendant asserts that the victim should not have been deemed unavailable pursuant to Rule 11-804(A)(2) and/or Rule 11-804(A)(5)(a) based on his conjecture that the victim never actually refused to testify but, rather, had indicated that she was willing to cooperate [MIO 9, 12] and based on his suggestion that the prosecutor "knew how to reach the witness, but did nothing beyond issuing a subpoena for her." [MIO 11, 12] However, the record before us reflects that the State had additionally called the victim on the day before trial in an attempt to obtain her cooperation and had sent an advocate to physically transport her to the courthouse in an effort to secure her presence, but the victim failed to show. [MIO 3; RP 61] Moreover, we have previously held that the issuance of subpoenas is an appropriate method of attempting to secure a witness's presence at trial, and a witness's failure to appear under such circumstances supplies an appropriate basis for a finding of

unavailability. *See State v. Lopez*, 1996-NMCA-101, ¶ 27, 122 N.M. 459, 926 P.2d 784. Although Defendant suggests that more should be required in this case in light of the difficulties the State had experienced in securing the witness's appearance on prior occasions [MIO 12], we disagree that the additional formalities should have been required. We therefore conclude that the district court did not err in finding the witness to be unavailable.

{5}    Defendant further contends that the preliminary hearing testimony should have been excluded because he did not have the opportunity for meaningful cross-examination. [MIO 14-16] However, as we previously observed in our notice, our Supreme Court has recognized a "per se rule that absent extraordinary circumstances preliminary hearing testimony may be admitted at trial if the witness is unavailable *because the motive to cross-examine is similar.*" *State v. Lopez*, 2011-NMSC-035, ¶ 6, 150 N.M. 179, 258 P.3d 458 (emphasis added) (internal quotation marks and citation omitted). Although Defendant suggests that "new information" revealed after the preliminary hearing, "including the fact that a safe-house interview had been done" and "inconsistencies in the case[,]" should be regarded as "extraordinary circumstances" warranting a departure from the per se rule [MIO 15-16], *Lopez* indicates otherwise. The fact that developments may arise in the course of the proceedings that might suggest new issues or avenues for the defense does not

4

diminish the applicability of the per se rule of admissibility. *See id.* ¶¶ 6-7, 11-12. We therefore remain unpersuaded that the district court erred in admitting the victim's preliminary hearing testimony.

{6}     Third and finally, Defendant seeks to amend his docketing statement to advance a claim of fundamental error. [MIO 16-18] In the course of closing arguments, the prosecutor appears to have stated that while "it would be best to have [the victim] here [to testify] . . . we do not[.]" [MIO 5] He then advised the jurors that they should not speculate or guess why she was not present. [MIO 5] Defendant suggests that the jury should have been permitted to "consider the reasons behind [the victim's] absence in their weighing of the evidence" [MIO 17] and, as such, the prosecutor's closing statements "interfered with the jury's role as fact-finder and judge[] of credibility." [MIO 17] However, we find no indication that any evidence was presented concerning the reasons for the victim's failure to appear. In the absence of such evidence, the jury could only speculate, and as the prosecutor indicated, this would have been improper. *See generally State v. Garcia*, 2014-NMCA-006, ¶ 11, 315 P.3d 331 ("A jury must draw its reasonable conclusions from the evidence produced at trial[;] it must not be left to speculate in the absence of such proof."). We therefore conclude that the claim of fundamental error is not viable and deny the motion to amend on that basis. *See*

*generally State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (indicating that a motion to amend will be denied if the issue is not viable).

{7}     Accordingly, for the reasons stated in our notice of proposed summary disposition and in this Opinion, we affirm.

{8}     **IT IS SO ORDERED.**


_____
                                    **JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**