This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38084**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**OSCAR MARTINEZ ZAMORA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Office of Scott M. Davidson, Ph.D.
Scott M. Davidson
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from his convictions for two counts of homicide by vehicle, one count of abuse of a child, and one count for failure to yield. This Court issued a calendar notice proposing to reverse Defendant's conviction for failure to yield on double jeopardy grounds and proposing to affirm Defendant's remaining convictions. Both Defendant and the State have filed memoranda in response to this Court's notice of proposed disposition. Having given due consideration to the arguments of both

parties, this Court reverses Defendant's conviction for failure to yield and affirms Defendant's other convictions.

**Jury Instructions**

**{2}** Defendant maintains that the district court committed legal error by denying his requested jury instructions on causation and willfulness. In this Court's notice of proposed disposition, we noted that, generally, "failure to give a definition instruction [cannot] be elevated to a failure to instruct on an essential element[, and] . . . a failure to instruct the jury on a definition or amplification of the elements of a crime is not error." *State v. Padilla*, 1977-NMCA-055, ¶ 5, 90 N.M. 481, 565 P.2d 352. In order for failure to give a definitional instruction to rise to the level of reversible or fundamental error, there must be ambiguity in the instructions given that was not remedied by the remainder of the jury instructions. *See State v. Munoz*, 2006-NMSC-005, ¶ 22, 139 N.M. 106, 129 P.3d 142 (concluding that there was no reversible error for the failure to give a definitional instruction when the jury instructions, considered as a whole, did not confuse or mislead the jury); *see also State v. Watchman*, 2005-NMCA-125, ¶ 11, 138 N.M. 488, 122 P.3d 855 (observing that, when reviewing the propriety of jury instructions, we consider "whether a reasonable juror would have been confused or misled by the instruction"). We proposed to conclude, in the absence of such a showing, the general rule that failure to provide a definitional instruction does not constitute error must apply.

**{3}** In response, Defendant does not direct this Court to any ambiguity in the jury instructions given or identify how the jury instructions may have misled or confused the jury, nor does Defendant point out any error or misapplication in the legal premises this Court proposed to apply in this case. Rather, Defendant asserts that "[t]o show the ambiguity and identify how the jury instructions misled or confused the jury, [Defendant] would need to refer to the transcript of proceedings and make legal argument that is prohibited unless he is permitted to file briefs as provided for in [g]eneral [c]alendar proceedings." [Def.'s MIO 7] Defendant's argument ignores the opportunity Defendant was given to direct this Court to error in our proposed resolution of this issue. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 68. We therefore conclude that Defendant has failed to meet his burden of demonstrating error in our proposed disposition and in the ruling below. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (noting that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error).

**{4}** Similarly, to the extent Defendant argues that this Court did not address the district court's alleged failure to instruct the jury on the essential element of causation [Def.'s MIO 8], Defendant's argument is unavailing. The jury was instructed in accordance with UJI 14-240C NMRA, the instruction for homicide by vehicle, reckless driving, which instructs the jury to find that a defendant's reckless driving *caused* the

death of the victim. [RP 176 ("For you to find [D]efendant guilty of causing death by reckless driving as charged in Count 1, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime: (1) [D]efendant operated a motor vehicle in a reckless manner; (2) [D]efendant's reckless driving *caused* the death of [victim]; (3) This happened in New Mexico on or about the 23rd day of April, 2016." (Emphasis added.))] This Court acknowledges that the use notes to UJI 14-240C provide, "[i]f causation is in issue, UJI 14-251 NMRA, the definition of causation, must be given," and the record does not reflect that the jury was instructed in accordance with UJI 14-251. Thus, in order to demonstrate reversible error, as this Court pointed out in its notice of proposed disposition and again above, Defendant needed to direct this Court to ambiguity in the instructions that would have confused or misled the jury. Absent such a demonstration, Defendant has not met his burden of demonstrating error in this regard.

**Double Jeopardy**

{5}     In this Court's calendar notice, we proposed to conclude that Defendant's convictions for two counts of homicide by vehicle and his single conviction for failure to yield violated double jeopardy. We therefore proposed to reverse and remand for the lesser included offense of failure to yield to be vacated.

{6}     In response, the State challenges this Court's proposed conclusion that the conduct at issue was unitary. However, the State admits that Defendant's act of "running [the] same stop sign was an essential part of the reckless conduct comprising his homicide by vehicle conviction and the last act of reckless driving which caused the fatal accident." [State's MIO 9] While the State asserts that the conduct supporting the homicide by vehicle was broader than the conduct supporting Defendant's failure to yield charge, we are not convinced our conclusion that the conduct at issue is unitary was in error. *See State v. Gonzales*, 2019-NMCA-036, ¶ 21, 444 P.3d 1064 ("[E]ven where there was ample evidence of non-unitary conduct, we should presume unitary conduct where the [s]tate's theory at trial relied on the same conduct to prove the two offenses at issue.").

{7}     The State contends that overlapping conduct is not unitary conduct. The State relies on *State v. Guilez*, 2000-NMSC-020, ¶ 14, 129 N.M. 240, 4 P.3d 1231, *abrogated on other grounds by State v. Santillanes*, 2001-NMSC-018, ¶ 11, 130 N.M. 464, 27 P.3d 456, for this proposition. In *Guilez*, "the conduct supporting child abuse and reckless driving was not unitary, but rather was composed of a number of separate acts that *in part* overlapped." *Id.* (emphasis added). Thus, in *Guilez*, the conduct at issue allowed the jury to reasonably "infer[] *independent* factual bases for separate statutory offenses." *Id.* (emphasis added) (internal quotation marks and citation omitted). Of particular importance, in *Guilez,* although there was some factual overlap, each of the charges was supported by separate conduct:

> The conduct supporting child abuse began when [the d]efendant placed the younger child in the truck without a child restraint device and was

completed, although continuing, when [the d]efendant initially began to drive after having consumed alcohol. On the other hand, the conduct supporting reckless driving did not begin until [the d]efendant began driving carelessly and heedlessly. Reckless driving was established at least by the time the lights ceased to work and [the d]efendant continued to drive on the highway. The act required to commit child abuse was completed, although continuing, before the act of reckless driving began. Under our cases this conduct is not unitary.

*Id.* ¶ 13. The same cannot be said in this case.

**{8}** Here, the State has not presented us with conduct supporting two charges that partially overlaps, nor has it established conduct that would support *independent* factual bases for each charge. Rather, the act of running a stop sign was both the entirety of the conduct to support the conviction for failure to yield and "an essential part"—indeed, "the last act of reckless driving"—to support the State's theory of homicide by vehicle. [State's MIO 9] Thus, *Guilez* does not support the outcome the State suggests. Accordingly, we remain unpersuaded that this Court erred in proposing to conclude that Defendant's conviction for failure to yield violates double jeopardy.

**Remaining Appellate Issues**

**{9}** Defendant also raises appellate challenges to the sufficiency of the evidence to support his convictions, the admission of particular evidence, cumulative error, and ineffective assistance of counsel. In this Court's notice of proposed disposition, we proposed to conclude that Defendant had not demonstrated reversible error with respect to each of these claims. Defendant does not direct this Court to errors in fact or law with respect to our proposed disposition on each of the aforementioned issues. *See Hennessy*, 1998-NMCA-036, ¶ 24. Rather, Defendant advocates that assignment to the general calendar is necessary to permit Defendant to make legal argument and to allow for transcript review. While this Court acknowledges that the docketing statement does not permit argument, we point out that the practical effect of the requirement that counsel provide "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented," and, for each authority, "a short, simple statement of the proposition for which the case or text is cited," Rule 12-208(D)(3), (5) NMRA, is to allow the appellant an opportunity to point out how the lower court's ruling is not in accordance with the law. Moreover, Defendant has taken the opportunity to file a memorandum in opposition to our notice of proposed disposition, which is Defendant's opportunity to argue or otherwise "set[] forth reasons why the proposed disposition should or should not be made and why the case should or should not remain assigned to the summary calendar." Rule 12-210(D)(2) NMRA; *see State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{10}** "It has never been held that a complete verbatim transcript of proceedings is necessary to afford adequate appellate review," *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353, and generalized claims of the need for transcript review, without specific identification of the information needed to be obtained, are not persuasive. *Cf. State v. Ibarra*, 1993-NMCA-040, ¶¶ 4, 10, 116 N.M. 486, 864 P.2d 302 (noting that the counsel who tried the case prepares the initial docketing statement, which provides each side the opportunity to advance its version of the facts, and indicating that this Court does not order transcripts or place cases on the general calendar to allow an appellant to "sort through the transcript for unidentified error"). Defendant's claims that general calendar assignment is necessary to permit argument is inaccurate and fails to satisfy the appellant's burden of demonstrating error with this Court's proposed summary disposition and error in the lower court's rulings. *See Aragon*, 1999-NMCA-060, ¶ 10; *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred).

**{11}** Accordingly, for the reasons state above and those articulated in this Court's notice of proposed disposition, we reverse Defendant's conviction for failure to yield on double jeopardy grounds, and affirm Defendant's remaining convictions.

**{12}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**